BROTHERHOOD OF RAILROAD TRAINMEN *v.* AGNEW.

(Division B. May 28, 1934. Suggestion of Error Overruled Sept. 11, 1934.)

[155 So. 204. No. 31270.]

See, also, 155 So. 205.

**Alexander, Alexander & Satterfield,** of Jackson, for appellant.

**Lotterhos & Travis**, of Jackson, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

Appellant filed its original bill in the chancery court of Hinds county alleging the invalidity of a judgment rendered in the circuit court against the appellant, and the improper service of process upon one J. E. Pierce, secretary and treasurer. Said judgment in the circuit

court was a default judgment for the sum of one thousand one hundred ninety dollars. The injunction is predicated upon the allegation that J. E. Pierce, shown in the testimony to be ''J. E. Pierce, secretary and treasurer'' of a local lodge in Jackson, Mississippi, was not an officer of the brotherhood for the purpose of having process served upon him. The bill does not allege who was the proper person upon whom process might be served, and the record shows that the appellant had never designated the insurance commissioner of the state as its agent upon whom process could be served as required by section 5246, Code 1930, reading as follows:

''Every society, whether domestic or foreign, now transacting business in this state, shall, within thirty days after the passage of this article, and every such society hereafter applying for admission, shall, before being licensed, appoint in writing the superintendent of insurance and his successors in office to be its true and lawful attorney on whom all legal process in any action or proceeding against it shall be served, and in such writing shall agree that any lawful process against it which is served upon such attorney shall be of the same legal force and validity as if served upon the society and that the authority shall continue in force so long as any liability remains outstanding in this state. Copies of such appointment, certified by said superintendent of insurance, shall be deemed sufficient evidence thereof and shall be admitted in evidence with the same force and effect as the original thereof might be admitted. Service shall only be made upon such attorney, shall be made in duplicate upon the superintendent of insurance, or, in his absence, upon the person in charge of his office, and shall be deemed sufficient service upon such society; provided, however, that no such service shall be valid or binding against any such society when it is required thereunder to file its answer, pleading or defense in less than thirty days from the date of mailing the copy of such service to such society. When legal process against any such

society is served upon said superintendent of insurance he shall forthwith forward by registered mail one of the duplicate copies prepaid and directed to the secretary or corresponding officer. Legal process shall not be served upon any such society except in the manner provided herein.''

It is undisputed that the insurance commissioner was not designated as such agent by the appellant, and, consequently, it is not in court with clean hands with reference to the transaction.

The record shows that the local lodge, and J. E. Pierce, had been dealt with by numerous persons, and with the appellee in reference to the particular application for a pension involved in the case at bar. We are not authorized to lend the aid requested to the appellant, but will leave it to stand upon its rights in the suit at law.

The judgment of the court below will, therefore, be affirmed.

Affirmed.