## B. BALDWIN DANSBY v. NORTH CAROLINA MUTUAL LIFE INSURANCE COMPANY.

(Filed 22 January, 1936.)

**1. Constitutional Law K a—**

Under mandate of the Federal Constitution, Art. IV, sec. 1, and the acts of Congress enacted thereunder, the validity and effect of a judgment of another state must be determined by reference to its laws, and the judgment must be given such faith and credit as it would have in the courts of the state rendering it.

**2. Judgments N a—**

The only defenses that may be interposed to an action on a judgment of another state are that the court rendering the judgment was without jurisdiction, or that the judgment was procured by fraud.

**3. Same—Upon demurrer in suit on foreign judgment, jurisdiction of foreign court must be determined in accordance with facts pleaded.**

Where, in a suit on a judgment of another state, the defendant demurs, the only defense that may be considered is whether the court rendering the judgment had jurisdiction, since whether the judgment was procured by fraud cannot be considered on a demurrer, and the question of jurisdiction will be determined in accordance with the facts alleged in the complaint and recited in the judgment attached thereto, since the demurrer admits for its purposes the facts properly pleaded.

**4. Judgments N b—Court of state rendering judgment held to have acquired jurisdiction under its laws as construed by its courts.**

This action was instituted upon a judgment by default rendered by a county court of the State of Mississippi upon a policy of insurance issued by a domestic company. It appeared from the complaint and the judgment attached thereto that at the time of instituting action in the courts of Mississippi defendant company was no longer doing business in Mississippi, and process was served on it by service on its Insurance Commissioner, Mississippi Code of 1930, sec. 497, and *alias* summons served by delivering a true copy of same to the resident agent who represented defendant company at the time the policy was issued, and by mailing a copy by registered mail to the home office of defendant company in this State, Mississippi Code of 1930, sec. 4167. *Held:* Under the statutes of the State of Mississippi, as construed by its Supreme Court, the county court of Mississippi obtained jurisdiction of the action, and defendant's demurrer in the action on the judgment of the Mississippi court was properly overruled.

APPEAL by defendant from *Grady, J.,* at September Term, 1935, of DURHAM. Affirmed.

Plaintiff, a citizen of the State of Mississippi, instituted his action against the North Carolina Mutual Life Insurance Company, a North Carolina corporation, in the Superior Court of Durham County, upon a judgment rendered in the county court of Hinds County, Mississippi.

Plaintiff alleged "that on 19 July, 1933, the county court of the First Judicial District of Hinds County, Mississippi, a court of competent jurisdiction, duly and regularly rendered and entered a final judgment in favor of plaintiff in the above entitled action and against the defendant in the sum of $1,316.28," with interest and costs, and plaintiff attached to his complaint a certified and exemplified copy of the judgment as follows: "This cause coming on this day to be heard, this being a regular term of this court for the trial of civil cases, and it appearing to the court that the plaintiff B. Baldwin Dansby is a resident citizen of the First Judicial District of Hinds County, Mississippi, and that the defendant North Carolina Mutual Life Insurance Company is a corporation incorporated under the laws of the State of North Carolina and domiciled at Durham, North Carolina; that on the tenth (10th) day of December, 1921, and for some time prior thereto and thereafter, said defendant was engaged in the Mutual Life Insurance business in the State of Mississippi, and maintained an office in the city of Jackson, Hinds County, Mississippi; that on said date and for some time prior thereto and thereafter, one R. J. Garrett, Jr., a resident of said city, county, and State, was an agent of said defendant, and solicited business for said defendant; that on 10 November, 1921, the plaintiff, upon the solicitation of said agent, applied to the defendant for a policy of insurance, and on 10 December, 1921, said defendant issued and delivered to plaintiff an insurance policy in the sum of two thousand ($2,000.00) dollars, for which plaintiff was to pay a semiannual premium of forty-six and 48/100 dollars ($46.48); that plaintiff paid all of said premiums promptly as the same became due from 10 December, 1921, up to 10 June, 1932, or an aggregate sum of nine hundred seventy-six and 08/100 dollars ($976.08); that on 8 June, 1932, plaintiff, in accordance with the terms and provisions of said policy, applied to defendant for the payment of the cash surrender or loan value thereof, then amounting to five hundred four and no/100 dollars ($504.00), and defendant refused and still refuses to pay plaintiff said amount; that plaintiff filed this suit against said defendant for the recovery of said premiums, together with six per cent (6%) interest per annum from their respective dates of payment; that said defendant is not now engaged in doing any insurance business in the State of Mississippi, and was not so engaged on 28 December, 1932, and has no agent in this State upon whom process may be served, and had no such agent on 28 December, 1932; that on 14 October, 1932, the defendant was duly and legally served with process in the manner and form required by section 497 of the Mississippi Code of 1930; that is to say, by serving a true copy thereof on George D. Riley, Insurance Commissioner of the State of Mississippi; that on 2 December, 1932, an *alias* summons was issued for said defend-

ant, which was duly and legally served upon the defendant on 28 December, 1932, in the manner and form required by section 4167 of the Mississippi Code of 1930; that is to say, by delivering a true copy of same to R. J. Garrett, Jr., a person who was an agent of and represented the within named defendant corporation at the time the transaction out of which this suit arises took place; that on 6 December, 1932, the clerk of the county court mailed a copy of said *alias* summons to the home office of the defendant corporation by registered mail, and filed a certificate herein showing such mailing, and made a minute thereof upon his docket; that said defendant was thereby required to file a plea, answer or demurrer to plaintiff's declaration, but has wholly failed so to do, and neither party having demanded a trial by jury, and the plaintiff being present in court and represented by counsel and announcing ready for trial and demanding judgment against the defendant, the defendant was called in a loud voice, in open court, but came not, wholly making default, in that it failed to appear either by an agent or by attorney, and failed to file any plea whatever, and the court having carefully considered the evidence, both oral and documentary, offered by the plaintiff, is of the opinion that the plaintiff is entitled to recover of the defendant the amount sued for;

"It is therefore ordered and adjudged that B. Baldwin Dansby do have and recover of and from the defendant North Carolina Mutual Life Insurance Company, a corporation, incorporated under the laws of the State of North Carolina and domiciled at Durham, North Carolina, the sum of nine hundred seventy-six and 08/100 dollars ($976.08), being the total amount of the premiums paid under said policy, and three hundred and forty and 20/100 dollars ($340.20), being six per cent (6%) interest per annum on such premiums for their respective dates of payment, up to 10 October, 1932, or the total sum of one thousand three hundred sixteen and 28/100 dollars ($1,316.28), together with six per cent (6%) interest thereon from 10 October, 1932, until paid, and all costs of this, for which and all of which let execution issue."

The defendant demurred on the ground that the judgment sued on was void for the reason that it appeared on its face the court of the State of Mississippi had no jurisdiction to render the judgment because no summons was legally served upon the defendant.

From a judgment overruling the demurrer, defendant appeals.

*Hedrick & Hall for plaintiff.*
*Bryant & Jones for defendant.*

DEVIN, J. The only question presented by this appeal is whether the service of the original process in the manner set forth in the Mississippi

judgment was a valid service under the laws of the State of Mississippi. The validity and effect of a judgment of another state must be determined by reference to the laws of the state where rendered.

Art. IV, sec. 1, of the Constitution of the United States commands that full faith and credit shall be given in each state to the judicial proceedings of every other state. And the acts of the Congress enacted in the exercise of the power thus granted specifically directs that judgments "shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from which they are taken." *Milwaukee County v. White Co.*, opinion by *Mr. Justice Stone*, U. S. Supreme Court Advance Opinions, Vol. 80, p. 155 (Dec. 9, 1935); 34 C. J., 1128.

When such judgment is made the basis of an action, it is conclusive on the merits in every other state if it appear that the court in which it was rendered had jurisdiction of the parties and the subject matter. *Morris v. Burgess*, 116 N. C., 40; 2 Black Judgments, sec. 857. Recovery upon it can be resisted only on the grounds that the court which rendered it was without jurisdiction. *Milwaukee Co. v. White Co.*, *supra*. Or for fraud in its procurement. *In re Osborne*, 205 N. C., 716. Fraud in the procurement of the judgment, however, could not be considered on a demurrer.

This makes it necessary for us to examine the pertinent statutes of the State of Mississippi and the decisions of the Supreme Court of that State interpreting those statutes.

The judgment rendered by the Mississippi courts recites that the original action was upon a breach of the contract contained in a policy of insurance issued by defendant Insurance Company to plaintiff on 10 December, 1921; that from and subsequent to said date defendant was engaged in the life insurance business in Mississippi, maintained an office in the city of Jackson, in Hinds County, and that R. J. Garrett, Jr., a resident of said county and state, was the agent of defendant upon whose solicitation the policy sued on was obtained; that at the date of issuance of process in that case defendant was not then engaged in doing any insurance business in Mississippi and had no agent in that State upon whom process could be served; that "on 14 October, 1932, the defendant was duly and legally served with process in the manner and form required by section 497 of the Mississippi Code of 1930; that is to say, by serving a true copy thereof on George D. Riley, Insurance Commissioner of the State of Mississippi."

Defendant having demurred, all the facts set out in the complaint and the recital of facts in the judgment attached to and made a part of the complaint, are for the purpose of the demurrer deemed to be true.

Section 497 of the Mississippi Code of 1930 is as follows:

"497. *Venue-actions against insurance companies.*—Actions against insurance companies may be brought in any county in which a loss may occur, or, if on a life policy, in the county in which the beneficiary resides, and process may be sent to any county, to be served as directed by law; and such actions may also be brought in the county where the principal place of business of such corporation or company may be, and in case of a foreign corporation or company, may be brought in the county where service of process may be had on an agent of such corporation or company or service of process in any suit or action, or any other legal process, may be served upon the Insurance Commissioner of the State of Mississippi, and such notice will confer jurisdiction on any court in any county in the state where the suit is filed, provided the suit is brought in the county where the loss occurred, or in the county in which the plaintiff resides."

The language of the statute is sufficiently broad to include both insurance companies doing business in the state and those which had ceased to do business in the state, and there is nothing in the context to indicate a restricted meaning.                                              .

So that the recital in the judgment that the summons was duly and legally served with process by serving a true copy thereof on the Insurance Commissioner in the manner required by section 497 would seem to constitute an averment sufficient to show jurisdiction, nothing else appearing.

It is true the judgment proceeds further with the recital that on 2 December, 1932, an *alias* summons was served under section 4167 of the Mississippi Code, which authorizes service of process on any person who represented the corporation at the time of the transaction out of which the suit arose.

Section 4167 is as follows: "Process may be served upon any agent of said corporation found within the county where the suit is brought, no matter what character of agent such person may be; and in the absence of an agent, it shall be sufficient to serve the process upon any person, if found within the county where the suit is brought, who represented the corporation at the time of the transaction out of which the suit arises took place, or if the agency through which the transaction was had be itself a corporation, then upon any agent of that corporation upon whom process might have been served if it were the defendant. The officer serving the process shall state the facts, upon whom issued, etc., in his return, and service of process so made shall be as effectual as if a corporation of this state were sued, and the process has been served as required by law; but, in order that defendant corporation may also have effectual notice, it shall be the duty of the clerk to immediately mail a

copy of the process to the home office of the corporation by registered letter, the postage and fees of which shall be taxed as other costs. The clerk shall file with the papers in the cause a certificate of the fact of such mailing, and make a minute thereof upon the docket, and no judgment shall be taken in the case until thirty days after the date of such mailing."

The defendant, however, contends that construing this section in connection with the preceding section 4166, it would seem the reference is to corporations doing business in the state.

Section 4166 is as follows: "Any corporation claiming existence under the laws of any other state, or of any other country foreign to the United States, found doing business in this state, shall be subject to suit here to the same extent that corporations of this state are, whether the cause of action accrued in this state or not."

In the argument and in the briefs section 5165 of the Mississippi Code was cited. The material parts of this section are as follows:

"Sec. 5165—No foreign insurance, indemnity, or guaranty company or other insurer shall be admitted and authorized to do business in this state until:

"Third: It shall, by a duly executed instrument filed in his office, constitute and appoint the Commissioner of Insurance, and his successor, its true and lawful attorney, upon whom all process in any action or legal proceeding against it may be served, and therein shall agree that any process against it which may be served upon its said attorney shall be of the same force and validity as if served on the company, and the authority thereof shall continue in force irrevocable so long as any liability of the company remains outstanding in this state. The service of such process shall be made by leaving a copy of the same in the hands or office of the said commissioner. Copies of such instrument certified by the said commissioner shall be deemed sufficient evidence thereof, and service upon such attorney shall be deemed sufficient service upon the principal."

"Fourth: It shall appoint as its agent or agents in this state some resident or residents thereof, other than the said commissioner; such appointment to be made in writing, signed by the president and secretary or manager or general agent, and filed in the office of the commissioner, authorizing the agent to acknowledge service of process for and on behalf of the company, and consenting that service of process on the agent shall be as valid as if served upon the company, according to the laws of this state, and waiving all claims of error by reason of such service."

"Fifth: It shall obtain from the said commissioner a certificate that it has complied with the laws of the state and is authorized to make contracts of insurance."

Our attention has been called to decisions of the Supreme Court of Mississippi construing this statute in cases involving default judgments against foreign insurance companies, the effect of which defendant contends is to hold that, in order to sustain a judgment by default, the requirements of the statute, section 5165, with reference to the execution of the statutory power of attorney to the Commissioner of Insurance upon whom service might be had, must affirmatively appear. *Fire Ins. Co. v. Sayle,* 107 Miss., 169; *National Surety Co. v. Board of Commissioners,* 120 Miss., 706; *Casualty Co. v. Gilmer,* 146 Miss., 22.

But in the latest utterance of the Supreme Court of Mississippi on the subject (1934), in *Brotherhood of Railway Trainmen v. Agnew,* 170 Miss., 614 (155 So., 204), it was held that, where the insurance company had not complied with the requirement to constitute the Insurance Commissioner its agent for service, nor appointed a resident agent, service upon one with whom numerous persons and the insured had dealt was sufficient to sustain a default judgment.

And in another decision between the same parties, *Brotherhood of Railway Trainmen v. Agnew,* 170 Miss., 615 (155 So., 205), rendered by the Supreme Court of Mississippi on the same date, it was held that the recital in the default judgment that service had been had on the person with whom plaintiff and defendant had dealt could be upheld under section 4167 of the Mississippi Code of 1930.

We quote from this last decision the following: "As said by us in the recent case, *Walton v. Gregory,* 170 Miss., 129 (154 So., 717), in respect to the judgments of courts of general jurisdiction, unless the contrary affirmatively appears from the record, all jurisdictional facts are conclusively presumed to have existed, whether there be recitals in the record to show them or not, and this rule applies, although the judgment attacked was rendered by default on constructive service of process alleged to be defective. The presumption mentioned is conclusive on a collateral attack; and on a direct attack, as is the case here, the presumption still stands unless the defendant affirmatively shows that the defect complained of existed as a matter of fact."

This language from the highest court of the state in which the judgment set forth in the complaint was rendered strengthens our conclusion that lack of jurisdiction does not appear on the face of the complaint and the judgment attached thereto.

It appearing from the recitals in the Mississippi judgment that, at the date the contract of insurance was entered into, defendant was engaged in the mutual life insurance business in Mississippi, maintaining an office and an agent in the city of Jackson, which is admitted by the demurrer, it could not thereafter cease business therein, withdraw its

agents, and not be held amenable to an action arising from its alleged breach of said insurance contract, under the provisions of the statute then and now in force in the State of Mississippi.

Giving full faith and credit to the judicial proceedings of that state, the judgment of the court below overruling the demurrer must be
Affirmed.