B. BALDWIN DANSBY v. NORTH CAROLINA MUTUAL LIFE
INSURANCE COMPANY.

(Filed 6 January, 1937.)

1. **Process § 8—Corporation may not defeat service by showing its own violation of statute requiring appointment of process agent.**

Where a statute provides that all insurance companies, as a condition precedent to doing business in the State, should constitute the insurance commissioner of that state agent for the service of process, an insurance company cannot maintain that service under the statute was void by showing its own ·violation of ·the statute in failing to so constitute the insurance commissioner its process agent.

2. **Judgments § 40—Recitation in foreign judgment of service under its laws is conclusive in absence of·evidence that such service was not had.**

In an action on a judgment of another state in which defendant insurance company had been doing business at the time of the institution of the action, the recitation in the judgment that process had been served on defendant by service on the insurance commissioner of that state in accordance with a statute of the state, without evidence to controvert such service, is conclusive, defendant being precluded from showing its own violation of the statute requiring it to constitute the insurance commissioner its process agent as a condition precedent to doing business in that state.

APPEAL by defendant from *Frizzelle, J.,* at April-May Civil Term, 1936, of DURHAM. No error.

This was an action upon a Mississippi judgment in favor of plaintiff and against the defendant, resisted on the trial below on the ground that the record in the Mississippi court failed to show service of summons on the defendant in that state.

Upon issues submitted to the jury, there was verdict for plaintiff, and from judgment thereon defendant appealed.

*Hedrick & Hall for plaintiff, appellee.*
*Bryant & Jones for defendant, appellant.*

PER CURIAM. This case was before this Court at the Fall Term, 1935, on appeal by defendant from judgment overruling defendant's demurrer, and is reported in 209 N. C., 127, where the material facts are stated.

During the trial in the court below objections to evidence offered by defendant to show that the facts recited in the Mississippi judgment were insufficient to constitute service of summons in that state, were properly sustained.

The fact that the defendant, though doing business in the State of Mississippi for a number of years, had not, in fact, as required by the statute as a condition precedent to doing business there, formally constituted the insurance commissioner of that state its agent for service, could not avail the defendant as a defense against liability incurred while so engaged. It would be conclusively presumed, in favor of one seeking redress for the breach of an insurance contract in that state, that it was doing business there in compliance with the statute, and it should not be allowed now to show its own violation of law as a defense to an action brought by a policyholder. *Sparks v. National Masonic Acc. Assn.,* 100 Iowa, 458; *North American Union v. Oliphant,* 141 Ark., 346; *Flinn v. Western Mutual Life Association,* 187 Iowa, 507; *Old Wayne Mut. Life Assn. v. McDonough,* 204 U. S., 8.

The Mississippi judgment recited: "The defendant was duly and legally served with process in the manner and form required by section 497 of the Mississippi Code of 1930, by serving a true copy thereof on Geo. D. Riley, Insurance Commissioner of the State of Mississippi."

There was no evidence to controvert these facts.

Giving due faith and credit to the judicial proceedings of the State of Mississippi (*Milwaukee County v. White Company,* 296 U. S., 268), we find in the trial below