AUTOMOTIVE RESTYLING CONCEPTS, INC. v. CENTRAL SERVICE LINCOLN MERCURY, INC.

No. 888DC312

(Filed 20 December 1988)

**Constitutional Law § 26— Virginia judgment—business transaction in Virginia— full faith and credit**

The trial court correctly granted summary judgment for plaintiff, upholding a Virginia judgment against defendant, where defendant transacted business in Virginia by having its automobiles restyled by plaintiff in Virginia.

**Automotive Restyling Concepts, Inc. v. Central Service Lincoln Mercury, Inc.**

Under Sec. 8.01-328.1 of the Code of Virginia, only one business transaction in Virginia is required to confer personal jurisdiction with respect to that transaction; moreover, Virginia's exercise of jurisdiction over defendant did not offend traditional notions of fair play inherent in constitutional due process because, having voluntarily availed itself of the privilege of having its cars improved and restyled in Virginia, that state's enforcement of defendant's obligation to pay for those services was to be expected. U.S. Constitution Art. IV, sec. 1.

APPEAL by defendant from *Jones, Arnold O., Judge.* Judgment entered 25 January 1988 in District Court, WAYNE County. Heard in the Court of Appeals 3 October 1988.

*Judson H. Blount, III and Kaufman & Canoles, by David J. Pierce, Norfolk, Virginia, for plaintiff appellee.*

*Barnes, Braswell, Haithcock & Warren, by Glenn A. Barfield, for defendant appellant.*

PHILLIPS, Judge.

In appealing from an order of summary judgment which upholds a Virginia judgment obtained against it, defendant contends that the judgment is invalid because the Virginia court did not have *in personam* jurisdiction over it. The only question presented is whether the judgment sued on is valid under the law of Virginia; *Dansby v. North Carolina Mutual Life Insurance Co.,* 209 N.C. 127, 183 S.E. 521 (1936); if it is the full faith and credit clause of the United States Constitution art. IV, sec. 1 requires us to give it the same effect here that it has there. *Spence v. Durham,* 283 N.C. 671, 198 S.E. 2d 537 (1973), *cert. denied,* 415 U.S. 918, 39 L.Ed. 2d 473, 94 S.Ct. 1417 (1974).

The pertinent undisputed facts bearing upon this question are that: Plaintiff, a Virginia corporation situated in Virginia Beach, is in the business of restyling and restoring used automobiles; defendant, a North Carolina corporation situated in Goldsboro, is in the business of selling new and used automobiles. In the spring of 1985, following a meeting in Goldsboro between an employee of plaintiff and defendant's president, the parties agreed that plaintiff would restyle four of defendant's used cars. Another employee of plaintiff later went to defendant's premises in Goldsboro, got the automobiles and took them to plaintiff's facility in Virginia Beach, where they were restyled. When plain-

tiff's bill was received, defendant refused to pay it, contending that some of the work was defective and the value of one car was diminished because plaintiff wrecked it while taking it to Virginia, and plaintiff sued defendant in the District Court of Virginia Beach. Substituted service on defendant was obtained by serving the Secretary of the Commonwealth of Virginia, who duly forwarded a copy of the papers to defendant; and upon defendant failing to answer the complaint or otherwise appear in the case, judgment was entered against it for $3,343 along with interest thereon from 18 March 1986.

The validity of a foreign judgment against a nonresident defendant depends upon two requisites: (1) Whether the court was authorized by statute to exercise jurisdiction over the nonresident defendant; and (2) whether the exercise of jurisdiction was in accord with the constitutional limits of due process. *Omega Homes, Inc. v. Citicorp Acceptance Co.*, 656 F. Supp. 393 (W.D. Va. 1987); *Dillon v. Numismatic Funding Corp.*, 291 N.C. 674, 231 S.E. 2d 629 (1977). Both conditions were met in this case and the ruling of the trial court is affirmed.

In this case the Virginia court was authorized by statute to exert jurisdiction over defendant by Sec. 8.01-328.1 of the Code of Virginia, which states that:

A. A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:

1. Transacting any business in this Commonwealth.

This section is a "single act" statute requiring only one business transaction in Virginia to confer personal jurisdiction on its courts with respect to that transaction. *United Coal Co. v. Land Use Corp.*, 575 F. Supp. 1148 (W.D. Va. 1983). Defendant's argument that the statute is inapplicable since it did not go to that state in regard to the cars is without merit. By having its automobiles restyled by plaintiff in Virginia at a cost of several thousand dollars it transacted business there, as was contemplated when it contracted for plaintiff, whose place of business is in Virginia, to do the work. Nor under the circumstances did Virginia's exercise of jurisdiction over defendant offend traditional notions of fair play inherent in constitutional due process.

*Hanson v. Denckla,* 357 U.S. 235, 2 L.Ed. 2d 1283, 78 S.Ct. 1228 (1958); *International Shoe Co. v. Washington,* 326 U.S. 310, 90 L.Ed. 95, 66 S.Ct. 154 (1945); *Viers v. Mounts,* 466 F. Supp. 187 (W.D. Va. 1979). Having voluntarily availed itself of the privilege of having its cars improved and restyled in Virginia, that state's enforcement of defendant's obligation to pay for the services so obtained was to be expected.

The trial court's refusal to dismiss defendant's counterclaim was not appealed and is not before us.

Affirmed.

Judges EAGLES and PARKER concur.