CHARLES M. PAXSON, an infant, by his next friend, George H. Paxson, v. WILLIAM CROWSON and WILLIAM WESSELLS.

(*January* 21, 1952.)

CAREY, J., sitting.

*H. Albert Young* for plaintiff.

*William Prickett* for petitioner, Crowson.

Superior Court for New Castle County, No. 728, Civil Action, 1949.

CAREY, Judge:

The question is whether or not the "substitute" service in this case meets the requirements of the quoted statute. A review of the Delaware cases dealing with the act is unnecessary; they all agree that it must be strictly construed and that the method provided by it for obtaining jurisdiction must be confined to the cases and exercised in the way indicated by it. *Webb Packing Co. v. Harmon*, 9 *W. W. Harr.* 22, 196 *A.* 158; *McLean Trucking Co. v. Stover*, 87 *A.* 2d 879, not yet reported [in State Report].

It will be seen that one requirement of the *Code* provision is the filing of a return receipt showing delivery of the registered letter. The only reported instance wherein failure to observe that requirement has been excused is the case of *Creadick v. Keller*, 5 *W. W. Harr.* 169, 160 *A.* 909. There the defendants refused to accept delivery of the registered letters when tendered, thus making strict compliance impossible. For that reason, the Court declined to quash the service.

The plaintiff contends that the present situation is analogous to that in the *Creadick* case. Although some of the facts are in dispute, I shall assume the truth of those allegations most favorable to plaintiff. Under this assumption, a proper notice was sent by registered mail to Crowson at Parksley, Virginia, his residence being on a rural mail route a few miles from that town. This letter was never actually delivered or tendered to Crowson or any one on his behalf. The Parksley postmaster sent

him a card and an oral message informing him of the fact that the letter was at the post office and asking him to call there for it. Although he received those messages, no one did call for it. Finally, the letter was returned marked "unclaimed".

It is argued that Crowson's failure to go to the post office and get the letter was equivalent to a refusal to accept it. I decline to so hold. There was no duty upon him to help the plaintiff complete the service, any more than there is a duty upon a resident defendant to go to the Sheriff's office in response to a phone call for the purpose of accepting personal service of a writ. This is not a case where the defendant made it impossible for the plaintiff to comply with the act, for, even after the return of the original letter, the plaintiff could have caused another one to be delivered or tendered to the defendant by sending it special delivery. See *Wise v. Herzog*, 72 *App. D. C.* 335, 114 *F.* 2d 486.

The alleged fact (denied by the petitioner) that Crowson was in fact informed of the pendency of the action in another manner is of no moment. He was not obliged to submit himself to the jurisdiction of this Court, and the only way by which he could be involuntarily brought under its jurisdiction was by a strict compliance with the statute on the part of the plaintiff. *Syracuse Trust Co. v. Keller*, 5 *W. W. Harr.* 304, 165 *A.* 327. The notice required is that directed by the statute itself. *Webb Packing Co. v. Harmon, supra.* As Crowson neither received nor refused to receive such a notice, the entry of judgment against him was improper.

The prayer of the petition to vacate the judgment against the petitioner will be granted.