74 So.2d 674 (1954)
Bud Lambert REICHERT, Appellant,
v.
Georgia APPEL, formerly known as Georgia Reichert, Appellee.
Supreme Court of Florida. Division A.
September 24, 1954.
Fogle & Fordham, Miami, for appellant.
Ader & Young, Miami Beach, for appellee.
SEBRING, Justice.
Georgia Appeal, formerly Georgia Reichert, instituted suit against her husband, Bud Reichert, in the Superior Court of Cook County, Illinois, for divorce, custody *675 of the minor child of the parties, alimony, child support, and attorney's fees. The defendant filed a personal appearance in the cause but failed to answer. In due course a final decree was entered in the cause granting a divorce to the plaintiff, awarding her the sole care, custody and control of the minor child, and retaining jurisdiction "until some future date, as to the actual amount for the support and maintenance of said minor child."
Approximately two years after the entry of the decree, the plaintiff filed a petition in the Superior Court of Cook County averring her inability to support the minor child without assistance from the defendant and praying "that an order be entered on the said Defendant for a reasonable amount for the support of said child. * * *"
The petition came on for hearing on July 12, 1943, at which time an order was entered in the Superior Court of Cook County requiring the defendant to pay the sum of $7 per week for the support of the child until the further order of the court. Thereafter, on April 25, 1952, the plaintiff sought and obtained in said court a money judgment in the sum of $3,010 for the accrued amount that the defendant was in arrears in the payment of child support.
Subsequently, the plaintiff instituted suit in the Circuit Court for Dade County, Florida, against the defendant, who had become a resident of said county, for the purpose of enforcing the Illinois decree both as to the delinquent support money in the sum of $3,010 and for future weekly installments for the support of the minor child. The defendant filed an answer attacking the jurisdiction of the Illinois court over defendant personally, in the divorce proceedings, on the ground that the written appearance filed in the proceeding was not actually his appearance or one authorized to be entered on his behalf. He also raised by his answer the contention that he had never received any notice of the Illinois proceedings subsequent to the entry of the final decree of divorce and that in the absence of such notice the Illinois court lacked jurisdiction to enter a money decree against him.
The Circuit Court for Dade County rejected these contentions and entered a summary final judgment in favor of the plaintiff for the amount of the Illinois money decree and for an attorney's fee and costs. The defendant has appealed from this ruling.
From our study of the record, we have the view that the court below was correct in rejecting the first defense asserted by the defendant. It appears that while in his pleadings in the present cause the defendant denies having ever signed and filed the appearance in the Illinois divorce suit, he nevertheless acknowledges the validity of the divorce decree entered in the suit and admits that since its rendition he has married a second wife in reliance upon its provisions. In support of this position he relies upon the proposition that a decree of divorce, independent of support provisions, might properly rest upon other forms of notice even in the absence of a personal appearance by or service upon defendant. From the record in the cause, however, it is indisputable that jurisdiction in the original divorce proceeding was in fact based solely on the appearance in question, and impeachment of the validity of the appearance constitutes an attack upon the validity of the decree. Under the circumstances it is plain that the defendant is estopped to question the jurisdiction of the Illinois court in the divorce proceeding, under the well recognized rule that when a defendant in a foreign decree of divorce does some act which in itself recognizes the validity of the decree, he is estopped from afterward impeaching the decree. Rouse v. Rouse, 219 La. 1065, 55 So.2d 246; Rest.Confl. of Laws, Sec. 112; 27 C.J.S., Divorce, § 337; 19 C.J., Divorce, § 850; 17 Am.Jur., Divorce and Separation, Sec. 461; compare Doherty v. Traxler, Fla., 66 So.2d 274.
The second point for consideration on the appeal is as to the defense asserted by the defendant to the effect that the money decree was entered against him in Illinois without notice or an opportunity to be heard. As we have stated, the transcript *676 of the Illinois proceedings attached to the complaint in the present proceedings shows the entry of an appearance by the defendant. However, it fails to show, as to the subsequent proceedings upon which the money decree was based, that any notice to the defendant was ever given, or attempted, by the plaintiff. The law of Illinois is to the effect that even where a defendant husband has become personally bound by the rendition of a divorce decree in favor of the plaintiff, he is nevertheless entitled to some form of notice of subsequent proceedings before a money judgment entitled to full faith and credit in other jurisdictions can be validly entered against him. Title 40, Sec. 19, Ill. Rev. Stat. of 1953; Buehler v. Buehler, 329 Ill. App. 239, 67 N.E.2d 708. The Illinois rule appears to be in accord with the general rule that procedural due process requires some form of notice to be given in such cases. See Griffin v. Griffin, 327 U.S. 220, 66 S.Ct. 556, 90 L.Ed. 635; 27 C.J.S., Divorce, § 322, p. 1247; compare Benjamin v. Benjamin, 78 Fla. 14, 82 So. 597; Peacock v. Peacock, 160 Fla. 630, 36 So.2d 206.
The defendant has asserted in his answer that the money decree was entered in the Illinois court without notice. He has thereby tendered a genuine issue as to a material fact. Under these circumstances it was error to enter a final summary decree against him. Rule 40, Florida Equity Rules, Vol. 31, F.S.A. Blocker v. Ferguson, Fla., 47 So.2d 694.
It follows from the conclusions we have reached that the decree appealed from should be affirmed in part and reversed in part with directions that further proceedings be had upon the issue raised by the answer of the defendant that the money judgment was entered against him without notice and without an opportunity to be heard.
It is so ordered.
ROBERTS, C.J., and TERRELL and MATHEWS, JJ., concur.