PER CURIAM.
By interlocutory appeal the appellant Ottis Tal Hilson seeks review of certain orders relating to alimony, child support and costs including attorney fees, rendered some time after entry against him of a divorce decree at suit of the appellee Ruth A. Hilson.
The decree approved and adopted the provisions of a prior separation agreement which in addition to certain other payments, required the husband to pay $150 per week for alimony and child support, $90 of which was to be for alimony and $60 for child support at the rate of $20 per week for each of three minor children.
In February 1960, to accommodate a drop in revenue in the small roofing business owned and operated by the husband, a mutual oral modification agreement was reached by the parties, reducing the payments from $150 to $100 per week for six months. The husband claimed that modification contemplated re-evaluation after six months. The wife later contended their agreement was that after six months the husband was to pay extra, to repay the $50 per week thus omitted for six months, and thereafter to resume payments at $150 per week. Before that six months expired, the wife caused a rule to show cause to be issued claiming the full amount since February. No hearing was held thereon, because on July 26 the parties made a further oral agreement, on the basis of which the husband continued to pay $100 per week. In October the husband filed a petition to further modify the already modified agreement, seeking a reduction in the $100 per week payments, claiming a still worsened financial condition. That petition was not brought on for hearing, until hearing on a rule to show cause which was issued against the husband in December. The chancellor denied the husband’s petition to modify, and found that $50 a week waived for six months in the oral modification made by the parties in February of 1960 was, as the wife contended, to be repaid to her thereafter, and then the payments were to return to the original amount of $150 per week.
The order dated December 21, 1960, granted the wife a judgment against the husband for “$1,700 back alimony and support to date,” and further required the husband to pay $200 per week until February 24, 1961, and thereafter to pay $150 per week “in accordance with the original property settlement, made a part of the final decree.” Later, without notice to opposing counsel and without adversary hearing, the court entered an order for the costs and attorney fees.
Appellant raises a number of questions. All except one may be disposed of briefly. The order denying the petition to further modify the (amended) agreement has not been shown to be an abuse of discretion or contrary to the evidence. The husband sought a reduction below $100 per week. In spite of the showing that the oldest son, still a minor, had become a regular wage earner, and the wife was then employed, the needs of the wife and other children justified refusal of the petition to further modify. The order for costs and attorney’s fees must be reversed, not because an order thereon was not ap *128 propriate, but because entered ex parte without notice. Appellant points out that objection would have been made to the cost item allowed which was for a discovery-deposition of the husband taken by the wife incident to the rule to show cause, asserting that available information was offered by the husband without need to take his deposition, etc. The allowance of costs was within the sound judicial discretion of the chancellor, as was the matter of allowance of an attorney fee to the wife or to her attorney of record under § 65.16, Fla.Stat., F.S.A., but a party to a cause, against whom an order or judgment is sought for allowable costs and/or attorney fees, is entitled to notice and an opportunity to be heard thereon. Martel v. Carlson, Fla.App.1960, 118 So.2d 592, 594-595; 20 C.J.S. Costs § 278. Reversal of that order is without prejudice to reapply in the trial court for an order for costs and an attorney fee, on due notice to the opposing party or his attorney of record.
The matters of the judgment and the increase of the weekly payments which are claimed by appellant to be contrary to an agreement by the parties, present a more difficult problem. Section 65.15, Fla.Stat., F.S.A., confers jurisdiction on courts of chancery to modify decrees or agreements for alimony or support of a wife, and the court has such jurisdiction inherently to regulate the support for children of divorced parties.
Appellant contends that the judgment for $1,700 was not justified and was clearly wrong on the record, because of the oral agreement made by the parties in July of 1960. The record of the proceedings on the hearing in December on the rule to show cause, as disclosed in the appendices, reveals that prior to the end of the six month reduction agreed upon the preceding February, the parties agreed on July'26, 1960, that the husband should continue paying $100 per week for an unspecified period, conditioned upon his giving the wife certain extra money at that time and paying certain doctor bills she had incurred. The husband testified as to that, and the wife in her testimony admitted that July arrangement, though she sought to disclaim it, and clearly admitted that she asked and received certain extra money at that time, and asked for payment in full, but later agreed to and did accept payment of one-half of the amount of the doctor bill. The trial court made no reference to that further oral modification of July, which operated, at least for an indefinite period, to relieve the husband of the higher payments, which the court found he had agreed to make after six months in the oral modification agreement of February.
The clear and unrefuted showing in the record of the agreement of July 26 to continue the payments at $100 per week, was not to be ignored, and on the basis thereof, the judgment for $1,700 is reversed. For the same reason the order for payments for a period at $200 per week and thereafter at $150 per week also is reversed, but it is the opinion of this court that the interests of the parties require that the matter be further heard, giving effect to the agreement of July 26, 1960, but revising the amounts to be paid for alimony and child support, separating the allowances as to each,[1] based not simply on the amounts specified in the original separation agreement, but on consideration of the needs of the ex-wife for alimony and child support as they may appear, and on the financial ability of the ex-husband, giving effect to the influence of changed circumstances.
The orders appealed from are affirmed in part and reversed in part, and the cause is remanded for further proceedings not inconsistent with this opinion.
HORTON, C. J., and CARROLL, CHAS., J., and LOPEZ, AQUILINO, Jr., Associate Judge, concur.

. See Bezanilla v. Bezanilla, Fla.1953, 65 So.2d 754, 756; Rogoff, v. Rogoff, Fla.App. 1959, 115 So.2d 456.