Reisdorf & Jaffe v. Langhorne

REISDORF & JAFFE, P.A. v. EDMUND LANGHORNE

No. 7521DC567

(Filed 17 December 1975)

Judgments § 51— foreign judgment — acknowledgment of service — general appearance — jurisdiction — default judgment

Defendant, a resident of North Carolina, made a general appearance in a New Jersey annulment action and submitted himself to the jurisdiction of the New Jersey court when he filed an acknowledgment of service of process in that action, and the New Jersey court had jurisdiction of the subject matter, including the annulment, counsel fees and court costs, and jurisdiction over the person of the defendant; however, where defendant included in his acknowledgment of service a statement that he was contesting any award of counsel fees and court costs, he had the right to be heard on those issues, and default judgment for counsel fees and court costs could not properly be entered against him without giving him notice of at least five days prior to the hearing on the application for default judgment.

APPEAL by defendant from *Clifford, Judge.* Judgment entered 16 April 1975, District Court, FORSYTH County. Heard in the Court of Appeals 20 October 1975.

In 1972 Angela Piper, represented by attorneys Reisdorf and Jaffe, instituted an action for annulment of her purported marriage to defendant, on the ground that he had a spouse living.

At the beginning of Mrs. Piper's suit in New Jersey, summons was issued to defendant who was then living in Forsyth County, North Carolina. On 8 June 1972 defendant signed an acknowledgment of service of process, to which he added, "Defendant contests the payment of court costs and attorney fees."

A default judgment of annulment was rendered in the Superior Court of Sussex County, New Jersey, on 3 April 1973. As a part of the judgment, defendant was ordered to pay "the plaintiff's counsel fees in the amount of $750.00 plus costs."

Suit was filed in Forsyth County to collect under the New Jersey judgment and defendant answered denying liability. A hearing was held in District Court and defendant testified that following acknowledgment of summons he received no further notice until judgment had been entered and he was billed for $863.50. Judgment was entered by the North Carolina court finding facts and concluding that the New Jersey court had no

jurisdiction to order Langhorne to pay attorney fees and court costs. From this judgment, plaintiffs appeal.

*Craige, Brawley by C. Thomas Ross for plaintiff.*

*White and Crumpler by Michael J. Lewis for defendant.*

CLARK, Judge.

The plaintiff assigns as error the conclusion in the District Court judgment that "the Court of New Jersey was without jurisdiction to render its judgment ordering payment of attorney fees and court costs . . . . "

Article IV, Section 1, of the Constitution of the United States provides: "Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state." Nevertheless, in this case North Carolina is under no obligation to give full faith and credit to the New Jersey judgment if invalid in that state because offensive to the "due process clause" of the Fourteenth Amendment, Constitution of the United States. The mere recital in the judgment that the court rendering it had jurisdiction is not conclusive; the court of another state, in which the judgment is asserted as a cause of action, or as a defense, may, within limits, make its own independent inquiry into the jurisdiction of the court which rendered the judgment. *Hosiery Mills v. Burlington Industries,* 285 N.C. 344, 204 S.E. 2d 834 (1974).

In determining the validity of the New Jersey judgment, first we must examine the applicable laws of that State relating to jurisdiction over the subject matter and jurisdiction over the person to see that these laws have been complied with, before reaching any conclusion as to the validity of these applicable laws. *Marketing Systems v. Realty Co.,* 277 N.C. 230, 176 S.E. 2d 775 (1970).

New Jersey Statutes Annotated (hereinafter cited as N.J.S.A.) 2A:34-11 (1975) provides:

> "In divorce and nullity actions, the jurisdiction of the court over the defendant's person for all purposes of the action shall be fully established by the filing of an acknowledgment of service, or an appearance, or of an answer by the defendant pro se or on his behalf by a duly authorized attorney, in such manner as may be prescribed by rules of the supreme court."

New Jersey Rules of Court for Superior, County and Surrogates Court (hereinafter cited as N.J. Court Rule) 4:78-3 (1974) provides that "Upon the filing of subject acknowledgment . . . plaintiff shall be under no further obligation to have the defendant served personally."

The defendant filed in the New Jersey action an "acknowledgment of service" as provided by N.J.S.A. 2A:34-11 (1975); in so doing he made a general appearance and submitted himself to the jurisdiction of the Superior Court of New Jersey. Thereafter, the Superior Court of New Jersey had jurisdiction over the subject matter, including the annulment and counsel fees and court costs, and jurisdiction over the person of the defendant. But the defendant went further than filing an "acknowledgment of service"; he included in this acknowledgment the statement that he was contesting any award of counsel fees and court costs. N.J. Court Rule 4:79-3 (1975) provides: "A defendant in a matrimonial action may enter a written appearance and, without filing an answer, be heard on issues of custody of children, . . counsel fees and costs." It is clear under this Rule that though the defendant did not contest the annulment, he had the right to be heard on the issues of counsel fees and other costs.

Since the New Jersey judgment included in its preamble that "defendant Edmund Langhorne, having defaulted in this action," we take note of N.J. Court Rule 4:43-2(b) (1975) which provides for notice of at least five days prior to hearing on an application for default judgment, if the defaulting party has appeared in the action. The defendant appeared in the New Jersey action. If, *arguendo,* he defaulted and N.J. Court Rule 4:43-2(b) is applicable, defendant should have been given at least five days' notice prior to the hearing on the application for default judgment.

The defendant alleges lack of jurisdiction by the New Jersey court, and the District Court so ruled, but defendant's evidence tended to show entry of judgment without notice to a nonresident defendant who had appeared and by his "answer" raised the issues of counsel fees and court costs. Defendant also alleges, or attempts to allege, fraud in the procurement of the New Jersey judgment. Since we find that the District Court erroneously concluded that the New Jersey court did not have jurisdiction, we reverse the judgment and remand for a new hearing. If properly presented under the pleadings and evidence, the Dis-

trict Court must determine whether due process (other than jurisdiction) was denied, whether there was fraud in the procurement of the judgment, whether the plaintiff is the real party in interest, and any other issues of fact and law aptly presented to the Court.

Reversed and remanded.

Chief Judge BROCK and Judge HEDRICK concur.