398 So.2d 512 (1981)
The PEOPLE OF the STATE OF ARKANSAS, On Behalf of Krajab SMITH and Krajab Smith, Appellants,
v.
James E. SMITH, Appellee.
No. 80-1264.
District Court of Appeal of Florida, Second District.
May 27, 1981.
*513 Geraldyne H. Carlton of Carlton & Carlton, P.A., Lakeland, for appellants.
No appearance for appellee.
OTT, Judge.
The Smiths were married in Thailand December 11, 1974, and Mrs. Smith gave birth to a child on August 30, 1975. In 1978 Mr. Smith obtained a divorce in the State of New York. Mrs. Smith did not appear or defend in that proceeding. The final judgment in that court was silent as to the custody and support of the child. Such questions were referred to the Family Court of New York for determination. The record does not reflect the results in that court.
The instant proceeding was initiated by Mrs. Smith in Arkansas to obtain child support under the provisions of the Uniform Reciprocal Enforcement of Support Act (URESA). At the hearing on the order to show cause returnable before the circuit court of Pasco County, Mr. Smith appeared with an attorney and orally (and for the first time) denied paternity of the child. The objections of the assistant state attorney representing Mrs. Smith, who was not present, were overruled, as was his motion for a continuance so that Mrs. Smith could come to Florida from Arkansas and testify. Later the court entered a "Final Judgment Concerning Support" which found that Mr. Smith was not the father of the child and therefore had no duty to support it.
The state filed appropriate motions for a new trial and also to set aside the judgment under rule 1.540, Florida Statutes, and supported its motions with a showing that newly discovered evidence indicated that Mr. Smith had alleged in his New York divorce petition, and the court there had specifically found, that the child in question was indeed the issue of the marriage. Nevertheless, the trial court in the instant case denied all motions and the state has prosecuted this appeal. We reverse.
The better solution would have been a continuance of the hearing on the order to show cause to afford the state (and the mother) an opportunity to meet the paternity issue injected orally by Mr. Smith at that hearing. Unfortunately, the time for appeal *514 had run before the state discovered the full nature of the New York proceedings.
If the state can prove that the New York court determined as a matter of fact that this child is the issue of the Smith marriage, that issue could not be further litigated between the parties, and the courts of this state would be bound to give full faith and credit to that determination. Under the circumstances, we think the court below erred in failing to set aside the judgment so as to permit the state an opportunity to fully present its case on the paternity issue.
The judgment is reversed and the case remanded for a new hearing in accordance with this opinion.
BOARDMAN, Acting C.J., and CAMPBELL, J., concur.