ALMA CHRISTINE BOYLES v. PAUL W. BOYLES

No. 8210SC10

(Filed 16 November 1982)

Constitutional Law § 26.1; Judgments § 51.1— foreign judgment concerning ali-
    mony arrearages—no jurisdiction in foreign court—no entitlement to full faith
    and credit
        Plaintiff's 1971 judgment for alimony arrearages was not entitled to full
    faith and credit where her "Exhibit of Service" was an envelope which in-
    dicated that two notices were left at the address on the envelope and that the
    letter was returned to the sender, marked "unclaimed." Under Florida authori-
    ty, return of the "Exhibit of Service" which was returned marked "unclaimed"
    was not sufficient service.
        Judge WEBB dissenting.

APPEAL by defendant from *Bailey, Judge.* Order filed 25 September 1981 in Superior Court, WAKE County. Heard in the Court of Appeals 20 October 1982.

In this civil action we must determine whether the Wake County Superior Court properly accorded full faith and credit to a 21 April 1971 Florida judgment for alimony arrearages.

In 1962, Paul Boyles, as plaintiff, instituted a divorce action against Alma Boyles in the Dade County, Florida Chancery Court

(No. 62C7612), and a final decree of divorce was entered on 19 October 1962. The divorce judgment required Paul Boyles to pay Alma Boyles, among other things, $200 per month as alimony so long as she remained unmarried.

In April, 1971, Alma Boyles filed a motion in the cause in the Florida action seeking a judgment for alimony arrearage in the amount of $10,800. On 21 April 1971, the Circuit Court of the Eleventh Judicial Circuit in Dade County, Florida, entered a judgment for Alma Boyles in the amount of $10,800 after specifically

> being advised that notice was sent to the plaintiff, Paul W. Boyles, advising him of the Motion for Money Judgment and the date of said hearing, said notice being provided timely and in accordance with the laws of the State of Florida, and the plaintiff, Paul W. Boyles, failing to appear at said hearing, and the court. taking the testimony of the defendant, Alma Christine Boyles, and determining therefrom that plaintiff, Paul W. Boyles, is in arrears in alimony payments to the defendant in the amount of Ten Thousand Eight Hundred Dollars ($10,800) . . . .

Alleging that Paul W. Boyles has never paid any sum in satisfaction of the 1971 Florida judgment, Alma Boyles, in April, 1981, filed a Complaint in the Wake County Superior Court, seeking, among other things, an order granting full faith and credit to the Florida judgment for alimony arrearages. Paul Boyles, in his Answer, denied that he owed alimony arrearages and asserted (i) that he was not served with notice of the proceedings or copies of the pleadings or the judgment; (ii) that Alma Boyles' claims are barred by the statute of limitations; and (iii) that Alma Boyles waived her claim to alimony or is estopped to claim alimony arrearages.

Following a hearing, the Wake County Superior Court entered an order granting full faith and credit to the 21 April 1971 Florida judgment and further ordered that Alma Boyles recover judgment against Paul Boyles in the sum of $10,800 together with interest thereon at the rate of 8% from the 21st day of April 1971. From this order, defendant appeals.

*Sanford, Adams, McCullough & Beard, by Charles H. Montgomery, and Cynthia Wittmer West, for defendant appellant.*

*Douglas F. DeBank for plaintiff appellee.*

BECTON, Judge.

We conclude, on the facts of this case, that the Wake County Superior Court erred in according full faith and credit to the 21 April 1971 Florida judgment.

Consistent with the requirement of Article IV, Section I of the Constitution of the United States, which requires that full faith and credit be accorded to a judgment of a court of another state, our Courts indulge a presumption (until the contrary is shown) that courts of other states have jurisdiction to enter judgments consistent with their laws. Consequently, our Courts, in appropriate circumstances, treat foreign judgments the same as domestic judgments. *Thomas v. Frosty Morn Meats, Inc.,* 266 N.C. 523, 146 S.E. 2d 397 (1966).

However, the courts of North Carolina are under no obligation to give full faith and credit to a foreign judgment if the judgment is invalid in the state that rendered it. And to whose law do we look to determine the validity of a foreign judgment? The validity and effect of a judgment of another state must be determined by the laws of that state. *Dansby v. North Carolina Mutual Life Insurance Co.,* 209 N.C. 127, 183 S.E. 521 (1936). Further, "[t]he mere recital in the judgment that the court rendering it had jurisdiction is not conclusive; the court of another state, in which the judgment is asserted as a cause of action, or as a defense, may, within limits, make its own independent inquiry into the jurisdiction of the court which rendered the judgment." *Reisdorf and Jaffe v. Langhorne,* 28 N.C. App. 175, 176, 220 S.E. 2d 376, 377 (1975). *See also Hosiery Mills v. Burlington Industries,* 285 N.C. 344, 204 S.E. 2d 834 (1974).

A fundamental requirement of due process "is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 94 L.Ed. 865, 873 (1950). Consequently, a defendant may challenge a foreign judg-

ment as violative of public policy and constitutional due process when he can show that he received no notice of the proceedings resulting in the judgment and was afforded no opportunity to appear and defend against the plaintiff's allegations. *Id. See, Reisdorf,* 28 N.C. App. 175, 220 S.E. 2d 376 (1975).

In the case *sub judice,* Paul Boyles states both in his Answer and his sworn affidavit before the Wake County Superior Court, that he was never notified of either Alma Boyles' Motion for Money Judgment or the Judgment filed 21 April 1971. In support of her Motion for Money Judgment, Alma Boyles produced an "Exhibit of Service" upon Paul Boyles. The "Exhibit of Service" is an envelope addressed to Paul Boyles at 205 Lenape Drive, Berwyn, Pennsylvania, which was apparently sent Certified Mail, Return Receipt Requested, by Alma Boyles' Florida attorney. The envelope indicates that two notices were left at the address on Lenape Drive (one on 18 March 1971 and another on 29 March 1971) and, that subsequently, the Certified letter was returned to the sender, marked "Unclaimed." The Return Receipt is blank and unsigned. Thus, Alma Boyles' "Exhibit of Service" affirmatively shows that Paul Boyles received *no actual notice* of the hearing which resulted in the judgment which the courts of this State have now been asked to accord "full faith and credit."

In determining whether the Circuit Court of the Eleventh Judicial Circuit in Dade County, Florida, had a sufficient basis for concluding that the notice to Paul Boyles was "provided timely and in accordance with the laws of the State of Florida, . . . " we look, as we must, to the laws of Florida to determine the validity of the Florida judgment. *Dansby,* 209 N.C. 127, 183 S.E. 2d 521 (1936). In a similar case involving an Indiana money judgment granted after the defendant therein "failed to claim" a Registered letter, we looked at the laws of the State of Indiana. In that case, our Supreme Court refused to give full faith and credit to the judgment because an Indiana statute required a "refusal," not merely a "failure," to claim the notice in order to validate service by Registered mail when the notice was not actually received by the party to be served. *Casey v. Barker,* 219 N.C. 465, 14 S.E. 2d 429 (1941).

In the case *sub judice,* the Certified letter was returned marked "Unclaimed," not "Refused." The distinction is meaningful

under Florida statutory and case law. Moreover, due process requires more than "a feint" when actual notice is the objective. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. at 315, 94 L.Ed. at 874 (1950).

Florida Rule of Civil Procedure, Fla. Stat. Ann. Rule 1.080(a) (West 1982) provides that every pleading subsequent to the initial pleading *shall* be served on each party.[1] Paul Boyles was not served. Actual notice was attempted, but it was never received. Realizing that actual service or notice is sometimes impossible, Florida, as do other states, provides for constructive service (service of process by publication, Fla. Stat. Ann. § 49.021 (West 1969)) and substitute service (service on non-residents by Certified Mail, Return Receipt Requested, Fla. Stat. Ann. § 48.161(1) (West 1982)) in certain types of cases. No alternative method of service of notice on Paul Boyles was attempted in this case.

Under Florida case law, notice and an opportunity to be heard must be afforded a party against whom a money judgment is sought. *Hilson v. Hilson,* 127 So. 2d 126 (1961). *See also Reichert v. Appel,* 74 So. 2d 674 (1954). In *Kosch v. Kosch,* 113 So. 2d 547 (1959), the Supreme Court of Florida held that parties to a divorce decree, entered with jurisdiction over the parties and the subject matter, could be brought before the court in a supplemental proceeding for modification of the alimony award and that the institution of a new proceeding based on formal service of process in order to modify the support award was not necessary. In *Kosch,* the husband was served notice by mail at his address in South Carolina advising him of the time and place of hearing on his wife's motion in the cause. The wife also sent a copy of the Notice to various attorneys allegedly representing the husband. Although neither Notice was sent Registered or Certified Mail, Return Receipt Requested, the husband received the Notice and entered a special appearance contesting the service of process. The *Kosch* Court specifically found merit in the wife's position

---

1. We are not here concerned with the service of original process since the Florida court had jurisdiction of the person and subject matter (the 21 April 1971 judgment was entered pursuant to a motion in the cause in the pending action); and since, pursuant to Fla. Stat. Ann. § 61.15 (West 1969) *repealed by* 1971 Fla. Laws ch. 71-241 § 22, effective 1 July 1971, and, in accordance with Paragraph 12 of the October 1962 original judgment, the Florida court retained continuing jurisdiction in the case to modify or enforce the original order.

that the husband could be brought before the trial court upon notice mailed to him, "so long as he was afforded *actual* notice and a reasonable opportunity to defend." 113 So. 2d at 549. Unlike the husband in *Kosch*, Paul Boyles had no actual notice in this case. Notice by regular mail was deemed sufficient and reasonable in *Kosch* because it afforded the husband an adequate opportunity to be heard.[2]

*Lendsay v. Cotton*, 123 So. 2d 745 (1960), which involved the attempted service of process under the Florida non-resident motorist statute, is also instructive because it involves a situation in which notice by mail was *not* received. In *Lendsay*, the Registered letter sent to the defendant was subsequently returned, marked "unclaimed." An affidavit of service was then filed with the trial court indicating that the defendant failed to claim the Registered letter, and the trial court ruled that service of process upon defendant was sufficient to give the court jurisdiction. The Florida Court of Appeals reversed the trial court, saying: "[t]he fact that the appellant did not claim the registered letter is susceptible not only to the inference that he refused to do so, but is also susceptible to the inference that he did not then live at the address to which the letter was directed."[3] *Id.* at 747. The *Lendsay* Court also suggested, relying on a Delaware case, *Paxson v. Crowson*, 47 Del. 114, 87 A. 2d 881 (1952), that the plaintiff could have caused another notice to be delivered or tendered to the defendant by sending it special delivery. As we suggested earlier, no alternative method reasonably calculated to provide defendant with actual notice of the proceedings was ever used by Alma Boyles. Further, no efforts were made to give Paul Boyles constructive notice of the proceedings.

Admittedly, the Wake County Superior Court may have been able to draw an inference that Paul Boyles refused to claim or

2. Significantly, the *Kosch* Court said that the supplemental proceedings "can be bottomed on reasonable notice which affords an opportunity to be heard. This notice may be by mail and its sufficiency in each particular instance should be tested by its reasonableness and by the adequacy of the opportunity afforded the opposing party to be heard and to defend himself or herself. . . ." 113 So. 2d at 550.

3. In our view, the facts suggest at least one other inference—that the appellant was on vacation or temporarily absent from the home at the time the notices were left.

accept the notice. For example, the record suggests that Paul Boyles had regularly sent child support payments, as opposed to alimony payments, to Alma Boyles, some of which presumably came from 205 Lenape Drive, Berwyn, Pennsylvania, during the time service was attempted. Further, Paul Boyles failed, in his Answer and in his affidavit filed with the Court, to deny that his correct mailing address in March and April of 1971 was 205 Lenape Drive, Berwyn, Pennsylvania. Still further is the following statement in defendant's affidavit, filed 16 September 1981, which suggests that Alma Boyles knew how to get in touch with him and correctly addressed the Certified letter to him: "My wife has harassed me with dozens of motions and complaints through the years."

The Wake County Superior Court, stacking inference upon inference and using negative inferences, could have concluded that Paul Boyles chose to ignore the Certified letter since he correctly surmised it was some legal notice of process. The problem, however, is that we must look to the bases the Florida Circuit Court judge had for determining that Paul Boyles had been timely served in accordance with the laws of Florida. All that was before the Circuit Court judge in Florida in 1971 was Alma Boyles' "Exhibit of Service" which was returned to her attorney marked "Unclaimed." Under the Florida authorities cited above, that was not sufficient. Paul Boyles was entitled to reasonable notice which afforded him an opportunity to be heard on Alma Boyles' motion in the cause. *Kosch,* 113 So. 2d 547 (1959). The record affirmatively shows that this did not occur, and the judgment sought to be enforced is not valid under Florida law.

For the reasons stated, the judgment below is

Reversed.

Judge HEDRICK concurs.

Judge WEBB dissents.

Judge WEBB dissenting.

I dissent from the majority because I do not believe that on this record we can hold there was not proper notice under the

law of Florida. The record shows that two letters were sent by certified mail to an address in Pennsylvania. The defendant has not denied that this was his correct address. The Circuit Court of the Eleventh Judicial Circuit in Dade County, Florida has ruled that notice was given in accordance with the law of Florida and I believe we should accept this ruling as to the law of Florida. The cases relied on by the majority are distinguishable. *Casey v. Barker*, 219 N.C. 465, 14 S.E. 2d 429 (1941) involved a question of service under Indiana law, not Florida law. *Kosch v. Kosch*, 113 So. 2d 547 (Fla. 1959) held that notice of a motion to modify alimony was sufficient if the party to be served actually received the notice by regular mail. The court in that case did not have before it the question in this case. *Lendsay v. Cotton*, 123 So. 2d 745 (Fla. Dist. Ct. App. 1960) dealt with service on a nonresident operator of a motor vehicle in the State of Florida. The Supreme Court of Florida said the statute allowing such service was in derogation of the common law and must be strictly construed. The service in this case was under another statute. After the Circuit Court in Florida has ruled that notice was properly given in this case, I do not believe we should overrule it.

I vote to affirm the judgment of the Superior Court.