GARRETT, Judge.
AFFIRMED. In October 1985, a printer sued appellee The American Legion (Legion) in the State of Georgia for payment of the printing costs of a magazine entitled Better Times. The Legion filed an answer, counterclaim and a third party complaint naming appellant, Howard Cohen d/b/a Better Times Magazine, as a defendant. In February 1986, appellant acting pro se filed an answer. In July 1986, appellant amended his answer by “attaching” a document entitled “Cross Claim and Complaint of Third-Party Defendant Howard Cohen d/b/a Better Times Magazine” which named approximately one hundred individuals, including appellee Robert W. Spanogle, as “cross-defendants.” The Legion moved to strike the amended answer as “a belated attempt to add a compulsory counterclaim.” The court granted the motion and later entered final judgment on the order. Appellant did not appeal the Georgia judgment.
In July 1987, appellant brought suit in Florida against the Legion, Spanogle, and others. The complaint restated the allegations set forth in appellant’s document adjudged a “compulsory counterclaim” by the Georgia court. The Legion’s answer denied liability and asserted the affirmative defense of res judicata. Spanogle filed motions to dismiss and to quash for lack of personal jurisdiction. Each appellee filed a motion for summary judgment. Both motions were granted and final judgments entered. Appellant appeals.
We find appellant’s brief did not address the assigned error concerning Spa-nogle. When error is assigned in a notice of appeal but the party’s brief completely omits discussion of the alleged error, the assignment of error is deemed abandoned. City of Miami v. Steckloff, 111 So.2d 446, 447 (Fla.1959). Appellant did not meet his appellate burden of demonstrating reversible error. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla. 1979).
Each state must recognize and respect valid final decrees and orders of the courts of all other states. Newton v. Newton, 245 So.2d 45, 46 (Fla.1971). When a court of competent jurisdiction enters a final judgment, it is absolute and puts to rest every justiciable, as well as every actually litigated, issue. Albrecht v. State, 444 So.2d 8, 11-12 (Fla.1984). The Georgia court barred appellant’s “compulsory counterclaim” against the Legion. The courts of Florida are bound by that final judgment.
We find no merit to appellant’s argument that Florida Rule of Civil Procedure 1.170(a)(1) authorized the Florida case because the Georgia case was still pending. The “compulsory counterclaim” was not pending as it had been ordered stricken in Georgia before the Florida case was filed. See Cheezem Dev. Corp. v. Maddox Roof *48 Serv., Inc., 362 So.2d 99 (Fla. 2d DCA 1978), cert. denied, 368 So.2d 1370 (Fla. 1979).
DOWNEY and POLEN, JJ., concur.