547 So.2d 1030 (1989)
Jessie GARLAND, Jr., Appellant,
v.
Donna Jean LEWIS, Appellee.
No. 89-00066.
District Court of Appeal of Florida, Second District.
August 18, 1989.
Mark A. Spence of Rock & Spence, New Port Richey, for appellant.
Harold E. Barker of Carlton & Carlton, Lakeland, for appellee.
PER CURIAM.
Jessie Garland, Jr., appeals an order of the circuit court which assesses against him child support arrearages in excess of $15,000. We affirm.
In 1975 appellee Donna (Garland) Lewis, then married to the appellant, filed a divorce *1031 complaint in the Court of Common Pleas, Hamilton County, Ohio, a copy of which was sent by certified mail to a Cincinnati address. Appellant's father appears to have signed for the mailing. The divorce was granted January 27, 1976, with the Ohio court awarding appellee child support in the amount of fifteen dollars per week per child. In 1987, through the Department of Health and Rehabilitative Services, appellee filed her URESA petition in Pasco County. Appellant denied each and every allegation in the petition and asserted several affirmative defenses including the Ohio court's absence of jurisdiction over his person at the time of the original divorce proceeding.
Generally a Florida court should not attempt to determine the validity of a foreign decree unless "something appears on the face of the record which discloses its invalidity." Gaylord v. Gaylord, 45 So.2d 507, 510 (Fla. 1950). Nothing about the judgment in the present case, which incidentally contains specific findings on the threshold jurisdictional question, suggests it should not be entitled to full faith and credit. Under Ohio rules of civil procedure service of process by certified mail has been held sufficient to confer jurisdiction over a party, when sent to his address, even if signed for by another not specifically authorized by the party to do so. Fancher v. Fancher, 8 Ohio App.3d 79, 455 N.E.2d 1344 (1982). Furthermore, the Ohio rules, like Florida's, allow a party relief from judgments based on such considerations as mistake, excusable neglect, or fraud. Appellant, who had knowledge of the Ohio decree at least as far back as his own remarriage, has failed to avail himself of this remedy. Finally, having remarried in reliance upon that decree, he is now estopped from impeaching it. Reichert v. Appel, 74 So.2d 674 (Fla. 1954).
Affirmed.
CAMPBELL, C.J., and SCHEB and SCHOONOVER, JJ., concur.