613 So.2d 128 (1993)
Paulette Jean SCHAFFER and the State of Florida Department of Health and Rehabilitative Services, Petitioners,
v.
The Honorable J. Jefferson OVERBY of the Sixteenth Judicial Circuit, in and for Monroe County, Respondent.
No. 92-2205.
District Court of Appeal of Florida, Third District.
February 2, 1993.
Diane H. Tutt, Ft. Lauderdale, for petitioner mother.
*129 Robert A. Butterworth, Atty. Gen., and Charles M. Fahlbusch, Asst. Atty. Gen., for respondent.
Before HUBBART, NESBITT and LEVY, JJ.
PER CURIAM.
This is a petition for a writ of certiorari filed by the mother of a minor child and the Florida Department of Health and Rehabilitative Services seeking review of a trial court order directing the mother, father, and minor child to submit to HLA blood tests to determine the child's paternity. This order was entered in a URESA child support action instituted below by the Florida Department of Health and Rehabilitative Services against the father. We have jurisdiction to entertain this petition. Art. V, § 4(b)(3), Fla. Const.; Brooks v. Owens, 97 So.2d 693 (Fla. 1957); Kilgore v. Bird, 149 Fla. 570, 6 So.2d 541 (1942).
Because (a) a California court in 1979 adjudicated the father herein to be the natural father of the minor child and ordered the father to make certain child support payments, (b) the father stipulated with the mother before the California court in 1980 to a modification of this judgment, and (c) no cause has been shown why full faith and credit should not be given to this California judgment as modified, we conclude that the trial court was bound by full faith and credit and res judicata principles to honor the California judgment and may not now reopen the paternity issue and order HLA blood tests for the father, mother, and minor child. Accordingly, the petition for a writ of certiorari is granted, the order under review is quashed, and the cause is remanded to the trial court for further proceedings. See, e.g., Newton v. Newton, 245 So.2d 45, 46 (Fla. 1971); Gaylord v. Gaylord, 45 So.2d 507, 510 (Fla. 1950); Vereen v. Vereen, 581 So.2d 1004 (Fla. 1st DCA 1991); Garland v. Lewis, 547 So.2d 1030 (Fla. 2d DCA 1989); Miller v. Cowart, 546 So.2d 768 (Fla. 2d DCA 1989); Cohen v. American Legion, 546 So.2d 46 (Fla. 4th DCA 1989); Department of Health & Rehab. Serv. v. Chambers, 472 So.2d 1358 (Fla. 2d DCA 1985).
It is so ordered.