PER CURIAM.
Petitioners seek certiorari review of an order granting respondent Jeffrey Opel’s request for a Human Leukocyte Antigen (HLA) test. We grant the petition.
In 1985 an Indiana court declared that Opel was the father of a child born to petitioner Carrie Doty, and set child support at $40.00 per week. Opel, who did not appear at any dispositive Indiana hearings and who now resides in Florida, has never paid anything. Upon service of Ms. Doty’s URESA petition, Opel demanded an HLA test. He contended that he “has been sterile for his entire life,” and also that the Indiana court never properly served him in the original paternity action.
Petitioners correctly assert that the Indiana judgment is entitled to full faith and credit. People of the State of Arkansas on Behalf of Smith v. Smith, 398 So.2d 512 (Fla. 2d DCA 1981); Schaffer v. Overby, 613 So.2d 128 (Fla. 3d DCA 1993). In Smith the former husband denied paternity for the first time when answering a URESA petition initiated in Arkansas. The Florida court made a finding he was not the father and so had no duty of support, despite suggestions that a New York court had held otherwise. In reversing, this court stated that “[t]he better solution would have been a continuance” so that the petitioner might ascertain and demonstrate “the full nature of the New York proceedings.” 398 So.2d at 513-4. Should those be found to have determined paternity, they would be entitled to full faith and credit.
Of no avail to Opel in this case is Hodge v. Maith, 435 So.2d 387 (Fla. 5th DCA 1983). Hodge differs from the present case and Smith in that there was no judicial determination of paternity prior to the URESA hearing. When Hodge denied paternity, a continuance was ordered to allow *192 a Pennsylvania court to decide the matter. After Hodge failed to appear in that state, the Pennsylvania court entered a default judgment. The Florida court determined that this judgment was entitled to full faith and credit. On appeal the court found defective service of the Pennsylvania complaint, and thus that the judgment was invalid and unenforceable.
Hodge suggests that a due process attack might also be made on a paternity judgment entered in advance of URESA proceedings. However, in Garland v. Lewis, 547 So.2d 1030 (Fla. 2d DCA 1989), this court stated, “Generally a Florida court should not attempt to determine the validity of a foreign decree unless something appears on the face of the record which discloses its invalidity.” The record in the present case refutes any suggestion that the Indiana judgment is facially invalid. At the time the action was commenced Opel was a resident of Indiana, and thus does not suffer the same “long-arm” problems as the putative father in Hodge. Affidavits and other evidence indicate he was served with the petition and made at least one personal appearance in court before deciding, for whatever reason, to risk default judgment.
The petition for writ of certiorari is hereby granted, the order requiring the parties to submit to HLA testing is quashed, and this case is remanded to circuit court for further proceedings consistent with this opinion.
RYDER, A.C.J., and DANAHY and SCHOONOVER, JJ., concur.