SECURITY CREDIT LEASING, INC. v. D.J.'S OF SALISBURY, INC.

[140 N.C. App. 521 (2000)]

doubt, N.C.G.S. § 15A-1443(b) (1999). The State has not met this burden.[4] Accordingly, Defendant is entitled to a new trial.

Because the issues raised by Defendant's additional assignments of error are unlikely to recur at a new trial, we do not address them.

Reversed.

Judges EDMUNDS and SMITH concur.

———————

SECURITY CREDIT LEASING, INC., A FLORIDA CORPORATION, PLAINTIFF V. D.J.'S OF SALISBURY, INC., A NORTH CAROLINA CORPORATION, D/B/A D.J.'S RESTAURANT, AND LOUIE MOUROUZIDIZ, DEFENDANTS

No. COA99-1150

(Filed 7 November 2000)

**Judgments— foreign—enforcement—30-day waiting period**

The trial court did not abuse its discretion by finding that defendants' motion for relief and notice of defenses was timely filed where defendants and plaintiff entered into a lease for security equipment at defendants' restaurant; defendants rejected the equipment as unsatisfactory; plaintiff brought an action in Florida under a forum selection clause in the lease; plaintiff obtained a default judgment on 11 August 1997; plaintiff filed its petition to enforce a foreign judgment in North Carolina on 17 February 1998; defendants filed a motion for relief and notice of defenses on 7 May 1998, alleging that Florida did not have personal jurisdiction when it entered the judgment; and the court denied plaintiff's motion to enforce the Florida judgment. Although plaintiff argued that N.C.G.S. § 1C-1704(b) gives a defendant debtor a maximum of 30 days in which to seek relief from a foreign judgment, the thirty-day limitation is a waiting period, a restriction on plaintiff-creditor rather than defendant-debtors.

Appeal by plaintiff from an order entered 9 June 1999, *nunc pro tunc* 29 March 1999, by Judge Michael E. Beale in Rowan County District Court. Heard in the Court of Appeals 16 August 2000.

———

*Adams Kleemeier Hagan Hannah & Fouts, by David A. Senter and Brooks F. Bossong, for plaintiff-appellant.*

*Woodson, Sayers, Lawther, Short, Parrott & Hudson, LLP, by Sean C. Walker, for defendant-appellees.*

HUNTER, Judge.

Security Credit Leasing, Inc. ("plaintiff") appeals the trial court's order denying its Petition and Motion to Enforce Foreign Judgment against defendant-appellees D.J.'s of Salisbury, Inc., and Louie Mourouzidiz (collectively "defendants").

The following facts are undisputed. Plaintiff is a Florida corporation in the business of leasing security equipment. Defendant Mourouzidiz, a resident of North Carolina, is president of D.J.'s of Salisbury, Inc., a North Carolina corporation doing business as a restaurant in Salisbury, North Carolina. On 12 June 1996, Mourouzidiz was approached while at D.J.'s by an agent of the plaintiff who proposed leasing video surveillance equipment to the restaurant. (Plaintiff's agent was headquartered in Greensboro, North Carolina.) Defendants and plaintiff entered into a lease agreement for security equipment, which agreement included a forum-selection clause giving the State of Florida jurisdiction over any controversy arising out of the lease agreement.

When plaintiff had the surveillance equipment delivered to defendants, defendants rejected the equipment as unsatisfactory, notifying plaintiff of the same. On 25 November 1996, plaintiff sued defendants in Hillsborough County, Florida for breach of contract. Although defendants were served by first class mail, defendants did not answer the Florida complaint, and on 11 August 1997, plaintiff obtained a default judgment against defendants in the Florida court. On 17 February 1998, plaintiff filed its Petition to Enforce Foreign Judgment in Rowan County, North Carolina. Defendants were properly served and in response, filed a Motion for Relief and Notice of Defenses on 7 May 1998, alleging that the State of Florida did not have personal jurisdiction over defendants at the time it rendered its judgment against them, thus the court's judgment was void. In its order denying plaintiff's motion to enforce the foreign judgment, the trial court found:

    1. . . . Plaintiff filed and Defendants were served with the complaint and summons in the underlying matter by personal

service in Rowan County, North Carolina. Defendants did not answer the complaint of the plaintiff in the state of Florida and Plaintiff obtained a default and default judgment . . . .

. . .

6. On March 22, 1999 . . . [t]his Court allowed Defendant's motion to dismiss and denied the oral motion of Plaintiff to strike Defendant's motion for relief and notice of defenses for failure to file within 30 days of service of Plaintiff's Petition to Enforce Foreign Judgment.

7. [However,] [d]uring the same term of Superior Court, the undersigned Judge presiding reconvened the parties on March 29, 1999 and entered a revised ruling pursuant to Rule 59 of the Rules of Civil Procedure, in which the Court determined that the motion to dismiss by the Defendant was waived by failure to plead in a timely manner and reinstated the Plaintiff's Petition and Motion to Enforce Foreign Judgment. Further, the Court ruled that the Defendants['] Motion for Relief and Notice of Defenses was timely and properly before the Court. The Court ordered the parties to present evidence on the merits of their respective motions at that time.

. . .

9. The court finds that the Defendants . . . entered into a lease agreement with the Plaintiff . . . . Plaintiff was represented in this negotiation by an agent operating out of Greensboro, North Carolina.

. . .

11. That the Defendant Mourouzidis [sic] is a native of Greece and immigrated to the United States at age 14. The Defendant speaks English as a second language and speaks with a markedly heavy accent, which is difficult to understand.

12. . . . The Defendants own only one restaurant [located in Salisbury] and live in Salisbury, North Carolina.

13. That the Defendants have no connection to the State of Florida and have not availed themselves of the protections of Florida's laws.

14. That the lease signed by Defendants on June 12, 1996 was proffered by the Plaintiff and was pre-printed by or for Plaintiff with terms on both the front and reverse sides.

15. That the specific clause consenting to jurisdiction in Florida is contained on the reverse side of the lease in smaller typeface than used on the front side, at the very bottom of the page as the last clause. The clause is written in technical legal terminology. The second page of the lease is not signed or initialed by the Defendants.

16. That the provisions relating to jurisdiction in Florida in the lease were not highlighted or explained to the Defendants by the Plaintiff or its agents. Plaintiff did not submit any evidence that the Defendants were aware of this provision or of its significance.

17. That the consent to jurisdiction clause included in the Plaintiff's lease contract executed by the Defendants was the product of unequal bargaining power and that enforcement of that clause would be unfair and unreasonable as to both Defendants.

18. That based on the foregoing findings, the Court finds an ultimate fact that the matter before the Court was not fully and fairly litigated in the State of Florida in regards to personal jurisdiction.

Therefore, the trial court concluded:

2. That the notice filed by the Plaintiff with its original Petition was insufficient as to both Defendants; however, this defect was waived by the failure of the Defendants to properly raise the issue in their pleadings.

3. That the Motion for Relief and Notice of Defenses filed by the Defendants was timely and not barred by any statute.

. . .

5. That there was not a full, fair, and final litigation on the matters pertaining to jurisdiction in this cause in the State of Florida.

6. That the clause in the lease between the parties ostensibly consenting the Defendants to jurisdiction in Florida courts is unenforceable because it is unfair, unreasonable, and was procured as a result of unequal bargaining power favoring the Plaintiff and therefore the judgement in the State of Florida entered in this cause against the Defendants in the State of

Florida is not entitled to Full Faith and Credit as a judgement in this State pursuant to NCGS § 1C-1701 et seq.

In the record, plaintiff preserved four assignments of error all of which rely on the notion that defendants' Motion for Relief and Notice of Defenses was time-barred pursuant to N.C. Gen. Stat. § 1C-1701 *et seq.* (the Uniform Enforcement of Foreign Judgments Act, hereinafter, "the Act"). Consequently, defendants preserved two cross-assignments of error. Due to our disposition of the case, we need only address whether, in fact, the Act—specifically § 1C-1704— serves as a statute of limitation for defendants to file their Motion for Relief and Notice of Defenses. Because we do not find the statute to be one of limitation for a defendant-debtor, we affirm the trial court's ruling.

In its brief to this Court, plaintiff argues that the trial court erred in its interpretation of N.C. Gen. Stat. § 1C-1704(b) because the statute plainly gives a defendant-debtor a maximum of thirty (30) days in which to seek relief from a foreign judgment. Furthermore, plaintiff contends that where, as here, defendant-debtor does not respond in the thirty (30) day time period, defendant-debtor is time-barred from later doing so. Although we find this an interesting argument, we are unpersuaded.

We recognize the statutes under the Act must be read *in para materia* in order to ascertain the regulations and allowances provided under the Act. Plaintiff's interpretation aside, in actuality N.C. Gen. Stat. § 1C-1703(b) (1999) states that:

(b) Upon the filing of the foreign judgment and the affidavit, the foreign judgment shall be docketed and indexed in the same manner as a judgment of this State; however, *no execution shall issue upon the foreign judgment nor shall any other proceeding be taken for its enforcement until the expiration of 30 days* from the date upon which notice of filing is served in accordance with G.S. 1C-1704.

*Id.* (emphasis added). Thus, we conclude that the thirty day limitation period is not one barring a defendant-debtor's response but instead the limitation period is specifically set to bar a plaintiff-creditor from obtaining a foreign judgment against one of our state's citizens and then immediately (within thirty days) being able to enforce it without that defendant-debtor being afforded the notice required by due process. Furthermore, in keeping with our interpretation of

N.C. Gen. Stat. § 1C-1703's thirty day limitation period, we note our statutes clearly go on to set out what a plaintiff-creditor must do in order to proceed with enforcing its obtained judgment:

> (a) Promptly upon the filing of a foreign judgment and affidavit, the judgment creditor shall serve the notice of filing . . . on the judgment debtor . . . .

> (b) **The notice shall set forth** the name and address of the judgment creditor, of his attorney if any, and of the clerk's office in which the foreign judgment is filed in this State, and shall state *that the judgment attached thereto has been filed in that office,* **that the judgment debtor has 30 days from the date of receipt of the notice to seek relief from the enforcement of the judgment, and that if the judgment is not satisfied and no such relief is sought within that 30 days, the judgment will be enforced** in this State in the same manner as any judgment of this State.

N.C. Gen. Stat. § 1C-1704(a), (b) (1999) (emphasis added). Thus again, we are convinced that the Act's thirty day limitation at issue is a "waiting period"—a restriction on when plaintiff-creditors may act and not on when defendant-debtors may not.

Nevertheless, to bolster its argument to this Court, plaintiff cites *Lust v. Fountain of Life, Inc.*, 110 N.C. App. 298, 429 S.E.2d 435 (1993), in which this Court stated,

> If the judgment debtor takes no action within thirty days of receipt of the notice to delay enforcement of the judgment, "the judgment *will* be enforced in this State in the same manner as any judgment of this State." N.C.G.S. § 1C-1704(b). To delay enforcement of the judgment, the judgment debtor may "file a motion of relief from, or notice of defense to," the judgment on grounds as permitted in the Act. N.C.G.S. § 1C-1705(a).

*Id.* at 300, 429 S.E.2d at 437 (emphasis added). However, we do not agree that *Lust* stands for the premise asserted by plaintiff.

In *Lust*, there was no issue as to whether defendant-debtor was time-barred from filing a motion for relief because the record clearly reflected that defendants filed their response on the thirtieth day. There is, therefore, nothing in the facts of *Lust* to assist plaintiff in persuading this Court that it should hold the present defendants time-barred from filing their notice of defenses. Instead, we find the pas-

**SECURITY CREDIT LEASING, INC. v. D.J.'S OF SALISBURY, INC.**

[140 N.C. App. 521 (2000)]

sage from which plaintiff quotes dispositive in that, although the court stated that "the judgment [would] be enforced" where the debtor took no action within the thirty day notice period, the court continued by further stating that in order for defendant-debtor to "delay enforcement" he may file a motion for relief from or notice of defense to the enforcement. Again, we find no issue of time limitation raised by the court as to *when* defendant-debtor had to file his motion or notice; we only find that after thirty days passed—without defendant-debtor filing a written response, plaintiff-creditor could then move for enforcement. *Id.* at 300, 429 S.E.2d at 437. Therefore, we hold that as long as defendant-debtor acts *before* enforcement, defendant-debtor could properly delay enforcement by filing his motion for relief and/or notice of defenses. *Id.*

Furthermore, we are reminded that our courts "are constrained by the full faith and credit clause to treat foreign judgments the same as domestic judgments. *Boyles v. Boyles*, 59 N.C. App. 389, 297 S.E.2d 405 (1982), *aff'd*, 308 N.C. 488, 302 S.E.2d 790 (1983). They do not receive *extra* deference." *White v. Graham*, 72 N.C. App. 436, 441, 325 S.E.2d 497, 501 (1985) (emphasis in original). Accordingly, if defendant-debtors of default judgments rendered here in North Carolina are not bound by a thirty-day statute of limitations, then defendant-debtors of foreign default judgments cannot be held to a higher standard. *Id.*

Under the North Carolina statute governing domestic default judgments, N.C. Gen. Stat. § 1A-1, Rule 55, the only time limitation given is the same thirty day "waiting period" (as with foreign judgments), required of a plaintiff-creditor **IF**:

> The [plaintiff's] motion *specifically provides* that the court will decide the motion for judgment by default without a hearing if the party against whom judgment is sought [defendant-debtor] fails to serve a written response, stating the grounds for opposing the motion, within 30 days of service of the motion . . . .

N.C. Gen. Stat. § 1A-1, Rule 55(b)(2)(b)(1) (1999) (emphasis added). However, we note that the statute provides—not an "automatic enforcement" of a plaintiff's default judgment, but instead requires a plaintiff-creditor to "motion [the court] for judgment by default" once the thirty days have passed following notice. *Id.* This concept is directly in line with our interpretation of N.C. Gen. Stat. § 1C-1704(b)'s requirement that once the thirty day "waiting

period" ends, a plaintiff-creditor must act by motioning the court for enforcement of its foreign judgment *before* the defendant-debtor responds.

We further note, however, that even where a plaintiff includes the required specificity within its motion, a trial court may still set aside an entry of default or a default judgment for good cause. N.C. Gen. Stat. § 1A-1, Rule 55(2)(b). "A motion to set aside an entry of default pursuant to [this Rule] for 'good cause' shown falls within the sound discretion of the trial court, whose decision will not be disturbed on appeal 'absent a showing of abuse of that discretion.' " *Automotive Equipment Distributors, Inc. v. Petroleum Equipment & Service, Inc.*, 87 N.C. App. 606, 608, 361 S.E.2d 895, 896 (1987) (quoting *Lumber Co. v. Grizzard*, 51 N.C. App. 561, 563, 277 S.E.2d 95, 96 (1981)). "The law generally disfavors default and 'any doubt should be resolved in favor of setting aside an entry of default so that the case may be decided on its merits.' " *Id.* (quoting *Peebles v. Moore*, 48 N.C. App. 497, 504-05, 269 S.E.2d 694, 698 (1980), *modified and aff'd*, 302 N.C. 351, 275 S.E.2d 833 (1981)).

In the case at bar, there is no dispute that defendants filed their Motion for Relief and Notice of Defenses almost thirty days after expiration of the thirty day time period but before plaintiff moved for immediate enforcement of its default judgment against defendants. And although plaintiff had the right and the opportunity to file a motion for immediate enforcement *BEFORE* defendants responded, plaintiff failed to do so. Additionally, nowhere in the record or in plaintiff's brief to this Court does plaintiff argue that it was prejudiced by defendants' delay. Thus, in "treat[ing] [plaintiff's] foreign judgment[] the same as [any] domestic judgment[,]" *Boyles v. Boyles*, 59 N.C. App. 389, 391, 297 S.E.2d 405, 406, we hold that the trial court did not abuse its discretion in finding that "the Defendants Motion for Relief and Notice of Defenses was timely and properly before the Court."

After thorough review, we conclude the record supports the trial court's findings and its findings support its conclusions of law. " 'Where trial is by judge and not by jury, the trial court's findings of fact have the force and effect of a verdict by a jury and are conclusive on appeal if there is evidence to support them, even though the evidence might sustain findings to the contrary.' " *Flanders v. Gabriel*, 110 N.C. App. 438, 440, 429 S.E.2d 611, 612-13 (1993) (quoting *In re Estate of Trogdon*, 330 N.C. 143, 147, 409 S.E.2d 897, 900 (1991), *aff'd*, 335 N.C. 234, 436 S.E.2d 588 (1993)). Finally, we note that our

Supreme Court has held that forum selection clauses are valid and enforceable *except* when compelling reasons dictate otherwise. *Perkins v. CCH Computax, Inc.*, 333 N.C. 140, 146, 423 S.E.2d 780, 784 (1992). Here, the trial court's findings support those compelling reasons. *Id.* One remedy may be to ensure that the forum selection clause is prominently displayed in the document executed by the parties. Another remedy may be for the parties to initial the forum selection clause. Nevertheless, having found no abuse of discretion in the case at bar, the trial court's order is

Affirmed.

Judges LEWIS and WALKER concur.