MARVIN P. STEWART and R. E. L. WILSON v. LULA G. STEWART.

155 So. 114.
Opinion Filed May 30, 1934.

*P. C. Gorman,* for Appellants;

No appearance for Appellee.

PER CURIAM.—On January 8, 1908, Lula G. Stewart married Marvin P. Stewart, at Emeraldo, Lake County, Florida. On May 13, 1925, she was adjudicated an insane person, and committed to the State hospital for insane at Chattahoochee, Florida, and remained there until on or about March 10, 1933, when she had her judicial sanity restored to her by decree of the Circuit Court of Lake County, Florida. On August 12, 1932, Marvin P. Stewart obtained an absolute divorce on the grounds of insanity, in the Eighth Judicial District Court of the State of Nevada, in and for the County of Clark. After Marvin P. Stewart had obtained a decree of divorce in Nevada he remarried. On July 26, 1933, Lula G. Stewart filed her amended bill of complaint, praying for a divorce upon the grounds of adultery, and asking for temporary alimony, attorney's fees, and other relief not pertinent on this appeal, the other relief being that R. E. L. Wilson held property in trust for Marvin P. Stewart, which Lula G. Stewart asked to be subjected to payment of money claimed to be due her by her husband, Marvin P. Stewart.

Marvin P. Stewart filed his answer to the amended bill of complaint on August 23, 1933, in which he denied the existence of the marriage relation between Lula G. Stewart and himself, and exhibited an exemplified transcript of the divorce proceedings in the Nevada court.

Thereafter the appellee, Lula G. Stewart, caused a hearing

to be had for alimony and solicitor's fees *pendente lite,* and on August 28, 1933, the court entered its order allowing alimony and solicitor's fees to Lula G. Stewart.

The court in its order allowing alimony and solicitor's fees, said:

"And it further appearing to the Court that the defendant claims to have obtained a divorce in the State of Nevada, which decree has been admitted in evidence, but the court being now of the opinion that the complainant wife ought to be permitted, at the expense of the husband, to inquire into and contest the validity of said decree, the court at this time not passing upon the validity of the Nevada decree, orders as follows:

"It Is ADJUDGED AND DECREED that the defendant, Marvin P. Stewart, do pay to the solicitor of record for the plaintiff, within ten days, the sum of Seventy-five ($75.00) Dollars as temporary solicitor's fee, and that beginning on the first day of September, 1933, and on each succeeding seventh day thereafter he pay to the plaintiff, Lula G. Stewart, the sum of Ten ($10.00) Dollars, as maintenance money during the pendency of this cause."

The answer of the defendant below, Marvin P. Stewart, was in denial of the marital relation claimed by the complainant from whom he had obtained a Nevada divorce. The answer presents matters of judicial record which, so long as they stand unchallenged, constitute a complete and perfect bar to the complainant's bill and every feature of it. It was therefore error for the chancellor to have entered any order against the defendant below for temporary alimony or counsel fees before the court could, on appropriate allegations in the bill and upon sufficient proofs, legally determine and adjudicate the foreign divorce decree to be void for those causes which it is within the power of

the courts of this State to take cognizance of in regard to divorce decrees, under the limitations of the Constitution of the United States requiring the courts of this State to give full faith and credit to the records and judicial proceedings of other jurisdictions. Section 1, Article IV, U. S. Constitution.

Reversed for appropriate proceedings not inconsistent with this opinion.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.