245 So.2d 45 (1971)
Uhlan Stanley NEWTON, Petitioner,
v.
Ruby Virginia NEWTON, Respondent.
No. 39724.
Supreme Court of Florida.
February 17, 1971.
Rehearing Denied March 23, 1971.
William Murrell, Jr., Orlando, for petitioner.
Gladstone L. Kohloss and Donald R. Corbett, Orlando, for respondent.
PER CURIAM.
This cause arose when respondent wife brought suit for divorce against petitioner husband in the Circuit Court of Orange County. Petitioner defended by stating that the marriage had been dissolved, and exhibited a final decree of divorce, valid on its face, entered by the Eighth Judicial District Court in the State of Nevada. The plaintiff wife amended her complaint to state that defendant had secured a divorce in another state; she did not allege that the Nevada divorce was invalid. The trial court did not dismiss the cause nor find that the Nevada divorce was invalid, but instead entered an order requiring defendant to pay to plaintiff temporary alimony and temporary counsel's fees. The District Court of Appeal, Fourth District, affirmed per curiam; 234 So.2d 746.
This Court issued writ of certiorari and took jurisdiction pursuant to F.A.R. 2.1, subd. a(5) (b), 32 F.S.A., to resolve apparent conflict with the prior decision in Stewart v. Stewart, 115 Fla. 158, 155 So. 114 (1934), in which this Court held that a trial court could not order payment of alimony or counsel's fees until it had determined whether the Nevada divorce involved in that case was invalid.
It is provided by the Federal Constitution, § 1, art. IV, that "Full faith and credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State * * *."
*46 It is well-established law that every state is required to recognize and respect the valid final decrees and orders of the courts of all other states. A decree or order valid in the state where it is issued ordinarily will be honored in any state where an attempt is made to bring suit on the same cause of action. A divorce decree of any state is presumed valid on its face and until same is proved to be invalid serves as a bar to successful prosecution of another action for divorce in this State. The trial court is not at liberty to ignore the binding order of the foreign court.
The order of this Court in Stewart v. Stewart, supra, is controlling in this case, being:
"The answer of the defendant below, * * * was in denial of the marital relation claimed by the complainant from whom he had obtained a Nevada divorce. The answer presents matters of judicial record which, so long as they stand unchallenged, constitute a complete and perfect bar to the complainant's bill and every feature of it. It was therefore error for the chancellor to have entered any order against the defendant below for temporary alimony or counsel fees before the court could, on appropriate allegations in the bill and upon sufficient proofs, legally determine and adjudicate the foreign divorce decree to be void for those causes which it is within the power of the courts of this state to take cognizance of in regard to divorce decrees, under the limitations of the Constitution of the United States requiring the courts of this state to give full faith and credit to the records and judicial proceedings of other jurisdictions." (p. 115)
The affirmance of the District Court of Appeal is quashed, and this cause is remanded to the District Court to be further remanded to the Circuit Court for further proceedings consistent with this decision.
It is so ordered.
ROBERTS, C.J., CARLTON, ADKINS, BOYD and DREW (Retired), JJ., concur.
ERVIN, J., dissents with opinion.
ERVIN, Judge (dissenting).
I am afraid the majority of the Court has overlooked the fact the Respondent alleged by amendment to her divorce complaint the 8th statutory ground "that the defendant [petitioner, former husband] has obtained a divorce from Plaintiff in any other state [Nevada] or country." See F.S. Section 61.041(8), F.S.A. She is not challenging the validity of the Nevada divorce, but relies upon it as a ground for her divorce action in Florida. However, under that ground, if sustained, she can have the matter of alimony considered pursuant to the rationale of Pawley v. Pawley, Fla., 46 So.2d 464. See, particularly, the discussion of that phase of the matter on page 472, et seq.
It is clear from the Nevada decree of divorce made a part of this record that personal service in Nevada was not obtained upon Respondent in the Nevada divorce action; instead, the decree recites that an order directing publication of the summons in the action "was entered," and "that thereafter on the 27th day of August, 1968, the defendant was served with the summons in the County of Orange, State of Florida * * *" The defendant, Ruby Virginia Newton (Respondent here), did not appear in the Nevada action and default was entered against her.
Under the rationale of Pawley v. Pawley, the Nevada divorce was a valid dissolution of the marriage but it did not operate to destroy the obligation of Petitioner (the former husband) to support his former wife. To paraphrase Pawley, the Respondent here, Mrs. Newton, did not appear and voluntarily submit herself to the jurisdiction of the Nevada Court, but instead only substituted service as required by Nevada law was effected upon her. The Pawley court stated, "* * * the decree operated as a bar to the instant suit which is *47 predicated upon Section 65.10, Florida Statutes 1941, F.S.A., but would not preclude an appropriate action by the former wife founded upon Ground No. 8 of Section 65.04, Florida Statutes 1941, F.S.A., and for relief by way of support or alimony under the provisions of Section 65.08, Florida Statutes of 1941, F.S.A."
Notwithstanding anything said herein, the $75 per month allowed the Respondent as alimony by the Nevada Court is an amount always subject to modification by the circuit courts of Florida pursuant to the provisions of F.S. Section 61.14, F.S.A.
Inasmuch as Respondent amended her complaint to base her action for divorce in Florida on ground 8, I think it lay within the authority of the Circuit Court under the rationale of Pawley v. Pawley, supra, to take testimony as it did and fully consider the matter of the Respondent's needs for temporary alimony and counsel fees, and make such order as to the same as it found reasonable and proper.
I would discharge the writ.