WHITE, JOS. S., Associate Judge.
This appeal brings for review an order of the Circuit Court vacating a portion of a final judgment in a divorce action.
Appellant, who was plaintiff in the lower court and, who, for convenience, will be referred to hereafter as the “wife”, filed complaint for divorce against appellee, hereafter referred to as the “husband”. The husband was personally served with process and suffered a default to be entered against him. Final judgment granting to the wife a divorce and certain other relief was entered May 7, 1970.
On May 29, 1970, rule to show cause was directed to the husband because of his failure to comply with the provisions of the final judgment directing the husband to pay an attorney’s fee to the wife’s attorney and the further sum of $50.00 claimed of the husband by the wife in the divorce complaint.
In response to the Rule the husband appeared with his attorney and, on January 13, 1971, was adjudged to be in contempt. An amended order again adjudging the husband to be in contempt was entered March 2, 1971.
In each of these orders the lower court made this observation:
“The defendant’s excuse for not paying the attorney fees, is that prior to this action, he obtained a divorce of and from the plaintiff in another action. The plaintiff *690 had no actual knowledge of this. Although the defendant was personally served in this action, he did not come forward to plead divorce judgment, nor did he inform anyone of it.
“The court had jurisdiction of the parties. The services were performed by counsel for plaintiff. The charge is reasonable. The court had jurisdiction to enter the judgment for attorney fees.”
We are unable to find fault with this statement.
On April 6, 1971, the husband filed a motion to “quash the rule to show cause herein and contempt order herein on the following ground: 1. This court is without jurisdiction of the subject matter.”
On April 21, 1971, the court entered the order now in issue, saying - - that part of the final judgment requiring that defendant (husband) to pay fees are hereby vacated and set aside upon authority of Newton v. Newton, Fla.1971, 245 So.2d 45.”
It will be observed that the award of $50.00 to the wife was not disturbed.
Upon reading the opinion in the case of Newton v. Newton, we are forced to the conclusion that it has no application to the question now before the court.
The question here is the power of the trial court, upon the husband’s motion, filed eleven months after entry of the final judgment, to vacate a portion of the final judgment ordering the husband to pay the wife’s attorney’s fee, the sole ground of the husband’s motion being that the court “is without jurisdiction of the subject matter”.
The complaint alleged a marriage between the parties and a subsequent living together as husband and wife for a period of eight months. It charged that the husband had been guilty of adultery, extreme cruelty and habitual intoxication. It prayed for a divorce and the award of attorney fees for the wife’s attorney.
The default entered against the husband upon personal service admitted the marriage just as effectively as if the husband had admitted it by answer. The question was not subject to re-litigation eleven months after the entry of the final judgment.
The subject matter of the complaint was the granting of a divorce. The trial court had jurisdiction to grant divorces. In the instant case the court at all times had jurisdiction of the subject matter and of the parties. Rights in the award of the attorney’s fee had become vested. The husband’s motion to quash was without merit and should have been denied.
In the interest of clarity we point out that the lower court did not decide that the contempt orders were improper. The lower court ruled only that the provision of the final judgment awarding an attorney’s fee was improper. It is that action that we review. The propriety, vel non, of an adjudication of the husband’s contempt is not before us.
It is possible that there is some theory upon which the lower court acted and which has not been brought to our attention. Neither the husband nor his attorney appeared when the case was orally argued before this court. Nor has the husband filed a brief as required by the rules, informing us of his position regarding the matters now in dispute. Such neglect on the part of litigants might well handicap the court in its effort to reach a proper decision in causes before it. The court’s heavy workload makes it impossible for it, on its own, to engage in extended research necessary in most of these matters. This is the function of lawyers. The Bar is the agency to which the court must look for assistance in this field and without the guidance of its members the court would be of little value to those aggrieved by any mis judgment which might occur in the trial court.
*691 Being apprized now of nothing to the contrary, the order from which the appeal has been taken is vacated with directions to the lower court to reinstate that portion of the final judgment “requiring the defendant (husband) to pay attorney fees”, and proceed according to law.
Reversed.
REED, C. J., and CROSS, J., concur.