HATCHETT, Justice.
On April 2, 1973, Aurora B. Bowers filed in circuit court for dissolution of the marriage she had contracted in Massachusetts with John P. Bowers on November 22, 1969. No. 73-2902 CA (4th Cir.). The wife’s petition for dissolution was met with a motion to dismiss. At the time of the marriage, petitioner, who was and still is a Naval officer, was stationed at Key West. The first home the couple established was in Key West, and their second home was also in Florida, at Mayport. The husband testified, however, that he never intended to make Florida his residence, and considered Norfolk, Virginia, his permanent residence. The circuit court concluded that the husband had never established residence in Florida, notwithstanding the length of his stay, because he lacked the requisite intent.
In support of the motion to dismiss, the husband argued that his wife was presumed to have the same (Virginia) residence as himself and, therefore, could not meet the residency requirement laid down by Fla.Stat. § 61.021 (1973). The circuit, court granted the motion to dismiss, but, on appeal by the wife, the order of dismis *173 sal was reversed by the District Court of Appeal, First District. 287 So.2d 722. After that court denied petition for rehearing, the husband petitioned here for writ of certiorari, which was granted on August 28, 1974, Mr. Justice Roberts dissenting.
In papers filed in this Court, -the parties’ counsel represent that the husband initiated divorce proceedings in Virginia during the pendency of the appeal in the First District; that the wife made a general appearance in Virginia; and that a final divorce decree was issued by a Virginia court on March 27, 1974, in accordance with a stipulation entered into by the parties. The record reflects no stay of the Florida order of dismissal, and at no time has either party questioned the jurisdiction of the Virginia court. In these circumstances, the final Virginia decree is entitled to full faith and credit, pursuant to United States Constitution, art. 4, § 1, Kline v. Hayman, 309 So.2d 242 (Fla.App. 2d Dist.1975); Stewart v. Stewart, 115 Fla. 158, 155 So. 114 (1934); Annot. 58 A.L.R.2d 701 (1958), and the effect of the Virginia decree is to moot the present cause. Newton v. Newton, 245 So.2d 45 (Fla.1971) (“A divorce decree of any state is presumed valid on its face and until same is proved to be invalid serves as a bar to successful prosecution of another action for divorce in this State.” At 46.)
The husband, petitioner here, filed a motion to dismiss the appeal for mootness in the District Court of Appeal; the wife opposed that motion but has filed here a motion to quash petition for certio-rari on the basis of the Virginia decree. The First District properly denied the husband’s motion to dismiss for mootness because at that time no final foreign judgment had been entered. Since then, however, the Virginia court proceedings have eventuated in a final divorce decree, to which we are bound to give full faith and credit. Newton v. Newton, supra (“every state is required to recognize ... final decrees ... of the courts of all other states.” At 46). Accordingly, the writ of certiorari previously granted in this cause is discharged, and the petition is dismissed as moot.
It is so ordered.
ADKINS, C. J., and ROBERTS, BOYD and OVERTON, JJ., concur.