GRIMES, Acting Chief Judge.
This is an appeal from an order declining to domesticate a foreign divorce decree.
The parties were divorced in Michigan in 1981. The court awarded custody of their minor son to the wife. The husband was ordered to pay child support but was given rights of visitation. In 1982, the wife obtained an order giving her permission to move the child to the State of Florida and establishing specific visitation rights of the husband. On October 30, 1984, the husband filed a motion for increased visitation. Thereafter, on November 16,1984, the wife filed a petition to domesticate her Michigan decree as a Florida decree. The husband’s motion for increased visitation was then heard in the Michigan court, and that court entered an order increasing the length of the husband’s summer visitation. In that order, the Michigan court included a provision which stated that “being fully cognizant of an action filed in Florida to move jurisdiction of this cause from Michigan to Florida, the Wayne County Circuit Court specifically retains jurisdiction of this cause of action.” Thereafter, the Florida court denied the petition for domestication,[1] and the wife appeals that order.
A foreign divorce decree which is not subject to modification may be established in Florida under the full faith and credit clause of the United States Constitution. Palladay v. Palladay, 422 So.2d *598 1108 (Fla. 5th DCA 1982). Where, as here, the decree is subject to modification by the court of rendition, principles of comity apply. Sackler v. Sackler, 47 So.2d 292 (Fla.1950). In reversing an order which denied the establishment and enforcement of a foreign divorce decree providing for child support, this court in Berger v. Hollander, 391 So.2d 716 (Fla. 2d DCA 1980), explained:
Florida courts may give effect to a foreign judgment under the principles of comity. As stated in Herron v. Passailaigue, 92 Fla. 818, 110 So. 539 (Fla.1926), comity is the practice by which one court follows the decisions of another court on a like question, though not bound by the law of precedence to do so. The Herron opinion went on to state that the rules of comity “may not be departed from unless in certain cases for the purpose of necessary protection of [Florida] citizens or of enforcing some paramount rule of public policy.” 110 So. at 542.
391 So.2d at 719.
Applying these principles to the instant case, we find that the court erred in refusing to domesticate the Michigan decree. The child and the custodial parent have been residents of Florida for several years. To establish the Michigan decree as a Florida judgment would serve to protect Florida citizens and would not contravene the public policy of this state. The fact that the Michigan court may have been piqued by the wife’s efforts to establish the decree in Florida does not provide a basis for refusing the requested relief. Since courts rendering divorce decrees traditionally retain jurisdiction over custody and support, the specific reservation of jurisdiction added nothing to the Michigan court’s jurisdiction. Of course, all proceedings occurring to date in Michigan, including the recent modification of visitation, must be recognized in the domestication of the decree.
We reverse and remand for entry of a judgment establishing the Michigan decree as a Florida judgment.[2]
SCHEB and HALL, JJ., concur.

. There was no contest of personal jurisdiction over the husband in this proceeding.

. While this suit was not filed under the Uniform Child Custody Jurisdiction Act, were it applicable, we believe that the same result would ensue.