787 So.2d 946 (2001)
Larry Roger BARNETT, Appellant,
v.
Susan M. BARNETT, Appellee.
No. 2D00-2420.
District Court of Appeal of Florida, Second District.
June 8, 2001.
Andrew J. Rodnite, Jr. and Joseph R. Park of Park, Bugg, Rodnite, Ossian and Zdravko, P.A., Clearwater, for Appellant.
H. Jo Butterworth, Clearwater, for Appellee.
THREADGILL, Judge.
The appellant, Larry Roger Barnett, the former husband herein, challenges a final order denying his Florida Rule of Civil Procedure 1.540 motion to set aside a Florida final judgment of marital dissolution entered in November 1996. He contends the foregoing judgment should have been set aside as void, in light of a Tennessee final judgment of marital dissolutioninvolving these same parties in this same marriagepreviously entered in 1995. We agree and reverse on that point only. We, however, affirm without discussion the order denying the appellant's motion to set aside the November 1996 dissolution judgment on the basis of the former wife's purported fraud, as there is no merit to that claim.
In November 1996, the trial court was without subject matter jurisdiction to enter a final judgment of marital dissolution in this case, because a Tennessee judgment entered in December 1995 had since dissolved the marriage of the parties herein and had already equitably divided their marital property. See Groover v. Groover, 383 So.2d 280 (Fla. 5th DCA 1980) (holding that where there is no valid marriage, a trial court in a purported dissolution proceeding cannot obtain subject matter jurisdiction). Thus, instead of entering a dissolution judgment, the trial court at that time should have given full faith and credit to the Tennessee judgment. Bowers v. Bowers, 326 So.2d 172 (Fla.1976); Dusesoi v. Dusesoi, 498 So.2d 1348 (Fla. 2d DCA 1986); Walker v. Walker, 566 So.2d 1350 (Fla. 1st DCA 1990); see also Atwell v. Atwell, 730 So.2d 858 (Fla. 1st DCA 1999). For that reason, the trial court in this more recent instance erred in failing to grant the former husband's motion to set aside the 1996 Florida dissolution judgment as void and in failing to enter an appropriate order vacating the *947 same, because a void judgment can be attacked and vacated at any time. Dep't of Revenue v. Thurmond, 721 So.2d 827 (Fla. 3d DCA 1998); Outler v. Berman, 234 So.2d 724 (Fla. 3d DCA 1970).
Accordingly, this cause is reversed and remanded to the trial court with directions to enter an appropriate order vacating the 1996 Florida judgment of marital dissolution as void. Orders relating to the custodial responsibility of the parties' minor children are otherwise affirmed. Barnett v. Barnett, 718 So.2d 302, 304 (Fla. 2d DCA 1998) (where, in the former wife's earlier appeal in this same cause, this court ultimately remanded for consideration of child custody, support, and visitation issues, otherwise leaving the door open to the former husband to attempt to set aside the dissolution judgment on appropriate grounds); Barnett v. Barnett, No. 01A01-9605-CH-00228, 1998 WL 787043 (Tenn.Ct.App. Nov.13, 1998) (wherein the Tennessee Court of Appeals affirmed the Tennessee final judgment of dissolution in this same cause, vacating it only to the extent that it decided child custody issues, based upon the conclusion that "[b]ecause the Florida court was the first to exercise its custody jurisdiction, the trial court erred by addressing the custody issues rather than deferring to the Florida court").
Affirmed in part, reversed in part, and remanded with directions.
PATTERSON, C.J., and GREEN, J., Concur.