973 So.2d 1247 (2008)
Lois WEISS n/k/a Lois Cole, Appellant,
v.
Donald WEISS, Appellee.
No. 2D07-417.
District Court of Appeal of Florida, Second District.
February 6, 2008.
*1248 Toni A. Butler of Toni A. Butler, P.A., Naples, for Appellant.
Karen S. Beavin of McGowan, Lucarelli & Quinn, P.A., Naples, for Appellee.
STRINGER, Judge.
Lois Weiss ("the Former Wife") seeks review of the trial court's order granting Donald Weiss' ("the Former Husband") motion to dismiss her petition to domesticate and enforce an Illinois judgment and contempt orders concerning the judgment. We reverse because the trial court erred in concluding that domestication was not proper under either chapter 88 or 55, Florida Statutes (2005).
In this action filed twenty-five years after the parties were divorced in Illinois, the Former Wife seeks to enforce the provision of the modified divorce decree that required the Former Husband to maintain two life insurance policies for the benefit of the Former Wife. The Former Wife filed a petition to domesticate and enforce two postdissolution enforcement orders: (1) an order enforcing the modified divorce decree that was entered in October 2005 and (2) an order on a petition for rule to show cause that was entered in November 2005. In the October 2005 order, the Illinois court found that the Former Husband had borrowed against both insurance policies, ordered the Former Husband to repay the amount borrowed into the policies, and found that the Former Wife was entitled to attorney's fees. In the November 2005 order, the Illinois court reduced the amount to a final judgment and awarded the Former Wife $7500 in attorney's fees. The Illinois court also awarded the Former Wife a claim against the Former Husband's estate in the amount of any deficiencies in the policies if he failed to abide by the order.
The Former Husband filed a motion to dismiss the Former Wife's petition to domesticate and enforce. The magistrate heard evidence on both the Former Wife's petition and the Former Husband's motion to dismiss. The magistrate recommended granting the Former Husband's motion to dismiss for three reasons: (1) domestication is not proper under chapter 88, Florida Statutes (2005), because the Former Wife has not established that the orders *1249 are support orders; (2) domestication is not proper under the Full Faith and Credit Clause because the modified divorce decree is not a money judgment, and is not payable to the Former Wife; and (3) the October 2005 order provided the Former Wife with a method to collect the amounts intended to be preserved by the life insurance policies. The Florida court adopted the report and recommendations of the magistrate and granted the Former Husband's motion to dismiss.
On appeal, the Former Wife argues that the trial court erred in adopting the magistrate's recommendation. The Former Wife contends that domestication was Proper under chapter 88 because the provision at issue in the modified divorce decree concerned support. The Former Wife alternatively contends that domestication was proper because the postdissolution orders were entitled to full faith and credit. Finally, the Former Wife argues that the fact that the modified divorce decree provided a method to collect the amounts intended to be preserved does not affect the Former Wife's right to domesticate the modified divorce decree and the postdissolution enforcement orders.
First, we address the Former Wife's argument that domestication was proper under chapter 88. Section 88.6031(1) provides that a "support order" that was issued in another state may be registered by filing the order in the proper court in Florida. Once the order is registered, it is enforceable in the same manner as an order issued by a court of this state. § 88.6031(2). It is undisputed that the Former Wife filed the Illinois judgment and contempt orders in the proper court in Florida. The Former Wife argues that the trial court erroneously refused to enforce the orders at issue because it erroneously determined that the Former Wife failed to prove that the orders are support orders.
The modified divorce decree incorporates a marital settlement agreement, which is divided into eleven "articles." Article III is entitled "Support and Maintenance." In this provision, the court awarded the Former Wife $2000 monthly "for her support and that of the three minor children . . . until further order of [the] Court" and determined that the award would be reduced fifty percent in the event the Former Wife remarried after a divorce. Article VII is entitled "Property Settlement." It awards the marital residence to the Former Wife, awards each party a vehicle, awards the Former Wife the household furniture and furnishings, and awards the Former Husband his personal property. Neither the Support and Maintenance nor the Property Settlement provisions provide any security for the awards in the form of an insurance policy.
The provision at issue is found in article VI, which is entitled "Insurance," and reads:
1. That the Husband has had issued on his life certain paid up policies of insurance, to-wit: New York Life Insurance in the amount of $100,000.00 and Mutual of New York Insurance in the amount of $50,000.00. The total face value and coverage of these policies is $150,000.00. The Wife shall remain the irrevocable beneficiary of said policies and the minor children shall be contingent beneficiaries as now provided in said life insurance policies. A list of the policies is set forth and described in schedule A, attached hereto and made a part hereof.
2. In connection with said policies, the Husband shall deposit duplicate policies with the Wife; that duplicate premium notices and receipts be sent to the Wife; pay off any outstanding liens on the policies and not borrow in the future; do all acts to keep the policies in full force and effect.
*1250 The provision is ambiguous in that it does not specify whether it is intended as security for support or equitable distribution. The provision does not award the Former Wife any payments during the Former Husband's life; payment would only be made upon the Former Husband's death. However, the award does not mention security for unpaid payments of support. Additionally, in the order granting the Former Husband's motion to dismiss, the trial court found that "[t]here is no ongoing alimony and there are no minor children." Therefore, it would be difficult to characterize the provision at issue as security for a support award that no longer exists. On the other hand, the provision does not award the Former Wife any present value of the policy and does not appear to equitably distribute the policy in any other manner.
The magistrate concluded that domestication was not proper under chapter 88 because the Former Wife had not proven that the provision was intended for support. We cannot say that the magistrate's finding was erroneous because the Former Wife did not present any evidence before the magistrate that would resolve the ambiguity in the contract. Thus, the trial court did not err in granting the motion to dismiss on this basis.[1]
We next address the Former Wife's argument that domestication was proper because the postdissolution orders were entitled to full faith and credit. Under Article IV, Section 1, of the United States Constitution, "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." Florida courts recognize this requirement. See Stewart v. Stewart, 115 Fla. 158, 155 So. 114, 115 (1934); Barnett v. Barnett, 787 So.2d 946, 946 (Fla. 2d DCA 2001). In order to trigger the Full Faith and Credit Clause, the judgment must be valid and final and consistent with statutory and case law in the state where rendered. Sistare v. Sistare, 218 U.S. 1, 26, 30 S.Ct. 682, 54 L.Ed. 905 (1910); Bennett v. Gibson, 510 So.2d 1234, 1236 (Fla. 2d DCA 1987). Therefore, a Florida court must give full faith and credit to those valid provisions of a foreign divorce decree that are not subject to modification. Sackler v. Sackler, 47 So.2d 292, 293 (Fla.1950); Gutz v. Manger, 498 So.2d 597, 597-98 (Fla. 2d DCA 1986).
Chapter 55 sets forth the procedure for the domestication of orders entitled to full faith and credit. Section 55.503(1) provides that "[a] copy of any foreign judgment certified in accordance with the laws of the United States or of this state may be recorded in the office of the clerk of the circuit court of any county." When such a judgment is recorded, it has the same effect as a judgment of a Florida circuit or county court. Id. A "foreign judgment" is defined as "any judgment, decree, or order of a court of any other state or of the United States if such judgment, decree, or order is entitled to full faith and credit in this state." § 55.502(1).
If the provision at issue in this case is not a support order, then it is an award of equitable distribution and is not subject to modification. See Braswell v. Braswell, 881 So.2d 1193, 1199 (Fla. 3d DCA 2004). It is therefore entitled to domestication under chapter 55 and the *1251 Full Faith and Credit Clause, The Former Wife correctly argues that the trial court erroneously concluded that the judgment and orders at issue were not enforceable under the Full Faith and Credit Clause because they are not money judgments. There is no requirement that the judgment and orders at issue be money judgments to be enforceable in Florida under chapter 55 or the Full Faith and Credit Clause.
Finally, we address the Former Wife's argument regarding the fact that the October 2005 order provided a method to collect the amounts intended to be preserved. We agree that this remedy fashioned by the Illinois court does not affect the Former Wife's right to domesticate the modified divorce decree and the postdissolution orders enforcing the decree. The Former Husband has relocated to Florida, and the Former Wife is not attempting to pursue two separate actions in two separate states. Instead, the Former Wife is seeking to enforce a valid foreign divorce decree and postdissolution enforcement orders in the state where the Former Husband is located. The trial court's decision regarding whether to domesticate the modified divorce decree and postdissolution orders does not confer any new rights on the Former Wife; it merely provides a forum in which the Former Wife may seek to enforce the rights already conferred on her by the Illinois court.
We therefore reverse the trial court's order granting the Former Husband's motion to dismiss. We decline to direct the Florida court to domesticate the modified divorce decree and postdissolution orders because there is an issue regarding whether the Former Wife has complied with the procedural requirements of chapter 55. The Former Husband raised this issue in arguing his motion to dismiss, but the trial court did not reach this argument in the order on the motion. On remand, the Former Husband is not precluded from again raising this argument in the trial court.
Reversed and remanded.
ALTENBERND, J., and THREADGILL, EDWARD F., JR., Senior Judge, Concur.
NOTES
[1] We note that this opinion does not constitute a ruling on whether the provision at issue is indeed a support provision. Our holding is that the trial court did not err in adopting the magistrate's conclusion that the Former Wife failed to prove that the provision concerned support under Illinois law. Our holding should not foreclose the Former Wife from pursuing this argument in the trial court when she seeks to enforce the Illinois judgment on remand.