SHEPHERD, FRANK A., Associate Judge.
This is an appeal of a nonfinal order, rendered by the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, enforcing a contempt provision in a postdissolution order entered in the Circuit Court of Cook County, Illinois County Department — Domestic Relations Division, which has been domesticated in Lee County. The objective of these and several related orders issued by the Florida and Illinois trial courts is the enforcement of a property settlement provision in the parties’ 1972 Cook County divorce decree that requires Donald Weiss (the Former Husband) to maintain two life insurance policies for the benefit of Lois Weiss, now *1222 known as Lois Cole (the Former Wife). The Cook County order found the Former Husband in contempt, calculated the amount of the Former Husband’s delinquencies under the property settlement provision, and further ordered that interest be applied at the “[Illinois] statutory rate,” together with attorney’s fees. After domesticating this order in Florida, the trial court, applying Full Faith and Credit principles,[1] entered a final money judgment in the amount of the delinquencies in favor of the Former Wife, calculated the amount of interest due on the delinquencies, and found that “[because] the contempt orders were validly entered in Illinois,” the court had the authority to enforce the final judgment, including interest, and the attorney’s fee award through the use of contempt, despite the fact an equivalent Florida judgment would not be enforceable by contempt in this state.
This is the second appearance of this case before this court. See Weiss v. Weiss, 973 So.2d 1247 (Fla. 2d DCA 2008) (“Weiss I”). The Former Husband’s primary argument in this appeal is that the trial court erred by determining that the Illinois order domesticated below is enforceable by contempt in our courts. He also contends the trial court erred in its calculation of interest in the order under review.[2] We conclude the Full Faith and Credit Clause obligates the courts of this state to enforce the contempt feature of the Illinois money judgment, but we reverse for recalculation of the interest on the judgment.
FACTUAL AND PROCEDURAL BACKGROUND
The parties to this postdissolution proceeding were divorced by a final judgment of dissolution, entered on April 13, 1972, in Cook County, Illinois. Article VI of the marital settlement agreement, incorporated in the final judgment, entitled “Insurance,” obligated the Former Husband to maintain three policies of insurance for the benefit of the Former Wife. It reads:
1. That the Husband has had issued on his life certain paid up policies of insurance, to-wit: New York Life Insurance in the amount of $100,000.00 and Mutual of New York Insurance in the amount of $50,000.00. The total face value and coverage of these policies is $150,000.00. The Wife shall remain the irrevocable beneficiary of said policies and the minor children shall be contingent beneficiaries as now provided in said life insurance policies. A list of the policies is set forth and described in schedule A, attached hereto and made a part hereof.
2. In connection with said policies, the Husband shall deposit duplicate policies with the Wife; that duplicate premium notices and receipts be sent to the Wife; pay off any outstanding liens on the policies and not borrow in the future; do all acts to keep the policies in full force and effect.
Pursuant to an agreed order signed by the parties and filed in the Cook County divorce case on January 6, 1994, the Former Husband purchased all claims the Former Wife might have concerning the Mutual of New York policy for a cash payment of $10,000. The Former Husband also reaffirmed his promise “to maintain the [New York Life Insurance Policies] ... per [the] provisions of the Judgment for Divorce *1223 heretofore entered.”[3]
On May 9, 2007, pursuant to the Former Wife’s third petition for rule to show cause, the Illinois court issued a rule to show cause against the Former Husband for failure to abide by all of the Illinois court’s previous orders.[4] Because the Former Husband neither appeared nor responded, the Illinois court issued an order on May 31, 2007, the pertinent Illinois court order affecting this appeal. In its order, the Illinois court found the Former Husband to be in contempt of court again and ordered, as follows:
1. Lois Cole’s Third Petition for Rule to Show Cause and Other Relief is hereby granted.
2. A final money judgment for the following is hereby entered:
a. $68,869.74, representing the balances of the loans under New York Life Insurance Company Policy Numbers ... plus statutory interest from date of Judgment;
b. $2,597.46, representing actual reinstatement fee premiums and loan interest paid by Lois Cole to New York Life Insurance Company to reinstate Policy Number ... and
c. $10,000, representing attorney’s fees to Davis Friedman,
FOR WHICH LET EXECUTION LIE.
3.Lois Cole shall become the owner of New York Life Insurance Company Policy Numbers ... by operation of law pursuant to this Order. If any cooperation from Donald Weiss is necessary, he shall immediately comply or face possible incarceration. This provision does not modify or supersede any other provisions of prior orders which find Donald Weiss in contempt and require Donald Weiss to repay the loans to said Policies, or which give Lois Cole a claim against his estate in the event he has not repaid the loans upon his death. The claim against Donald Weiss’ estate by Lois Cole is not intended by this Court to be her sole and exclusive remedy.
On August 25, 2007, this order was domesticated in Florida, and enforcement proceedings ensued both here and in Illinois.
On May 12, 2010, after multiple mesne skirmishes in both circuit courts and the first appeal heard by us, the trial court rendered its order, which is the subject of the present appeal. It reads as follows, in pertinent part:
1. That the Court GRANTS the Former Wife’s Motion to Determine Current Interest, which shall be set at the Florida statutory rate from the date of entry of the Illinois orders granting same.
A-F. [Interest Calculations]
*1224 G. Therefore, the total amount due to the Former Wife for the unpaid loans against the New York Life Insurance Policies is $84,455.93 [$68,869.74 plus $16,586.19 in interest], FOR WHICH LET EXECUTION LIE.
[[Image here]]
3. The Former Wife’s Motion for Order to Show Cause, Motion to Enforce Contempt Order, and Motion to Enforce, for Judgment and Fees and Costs are GRANTED. The Former Husband has failed to show cause why he should not be held in contempt of court for his failure to abide by the Illinois Orders and the prior orders of this Court. This Court can enforce the contempt orders from the Illinois court because, as previously found, the contempt orders were validly entered in Illinois. Additionally, the Court finds the Former Husband in contempt for his failure to pay attorney’s fees previously awarded by the Illinois Court and domesticated in this Court.
4. To avoid further sanctions, the Former Husband is ORDERED to pay $2,500.00 per month as a purge for contempt and to enforce the previous Orders and Judgments entered in Illinois and Florida. The Court will enter a separate Continuing Writ of Garnishment against the account into which the Former Husband’s monthly income is deposited.
This appeal followed.
ANALYSIS
The Contempt Provision
The central question on this appeal is whether the trial court was correct in its decision to enforce the contempt feature of the Illinois court order in this state.
It is conceded by the Former Wife on this appeal that Article VI of the marital settlement incorporated in the Illinois Final Judgment for Divorce, entitled “Insurance,” is a property settlement provision, not a support provision.[5] Under Florida law, the remedies available to enforce the breach by a party of a property settlement provision in a marital settlement agreement are those available to creditors against debtors. Braswell v. Braswell, 881 So.2d 1193, 1198 (Fla. 3d DCA 2004). Neither contempt nor incarceration is included among them. See Luzenberg v. Forand, 929 So.2d 546, 546 n. 1 (Fla. 2d DCA 2006). Illinois, on the other hand, permits the enforcement of property settlement provisions of a final judgment of dissolution through civil contempt, including the use of incarceration. See In re Marriage of Admire, 193 Ill.App.3d 324, 139 Ill.Dec. 894, 549 N.E.2d 620, 623 (1989) (“Maintenance and property-settlement provisions of a dissolution judgment may be enforced through contempt proceedings.”).
In Weiss I, we did not address the question whether this difference in the law of contempt in the two jurisdictions rendered the contempt feature of the Illinois judgment unenforceable. The primary focus of our analysis at the time was the Full Faith and Credit Clause’s “finality” requirement. 973 So.2d at 1250-51; Joannou v. Corsini, 543 So.2d 308, 310 (Fla. 4th DCA 1989) (“[U]nder the [Florida Enforcement of Foreign Judgments Act], the judgment sought to be domesticated must be final.” (citing Jones v. Roach, 118 Ariz. 146, 575 P.2d 345 (1977), and interpreting the identical Arizona Uniform Enforcement of Foreign Judgment Law)). However, we did state:
*1225 The trial court’s decision regarding whether to domesticate the modified divorce decree and postdissolution [contempt] orders does not confer any new rights on the Former Wife; it merely provides a forum in which the Former Wife may seek to enforce the rights already conferred to her by the Illinois court.
Weiss I, 973 So.2d at 1251.[6]
The Former Husband’s Full Faith and Credit concern on this appeal is incarceration. He argues that because the public policy of Florida does not allow incarceration to pay a debt, see Art. I, § 11, Fla. Const. (“No person shall be imprisoned for debt, except in cases of fraud.”), a Florida court may not resort to the contempt power to reprise the Former Husband’s failure to abide by the terms of the property division in this case requiring him to repay monies taken from the insurance policies and keep them current. We conclude the Former Husband’s argument is premature.
As we explained in Weiss I, although the Illinois orders finding the Former Husband in contempt were entitled to full faith and credit in Florida, no court, either in Florida or Illinois, has yet ordered incarceration to compel compliance with the contempt orders in this matter.[7] Moreover, incarceration is not the only coercive sanction available to a court in a civil contempt proceeding. See Parisi v. Broward Cnty., 769 So.2d 359, 365 (Fla.2000) (acknowledging “there is a broad arsenal of coercive civil contempt sanctions available to the trial court, including ‘incarceration, garnishment of wages, additional employment, the filing of reports, additional fines, the delivery of certain assets, the revocation of a driver’s license’ ”) (quoting Gregory v. Rice, 727 So.2d 251, 254 (Fla.1999)). Thus, it is not for us to speculate about the remedies the trial court may employ if the Former Husband does not pay as ordered.[8]
The Interest Calculation
The May 31, 2007, Illinois court order decreed that “statutory interest” be added from the date of “Judgment” entered by the court. Although we have some doubt concerning whether the Illinois court correctly ordered the addition of statutory interest under Illinois law on the amounts due from the Former Husband to the New York Life Insurance Company— as distinguished perhaps from any penalties, contractual interest under the policies themselves, or other charges that might be *1226 owed directly to the insurance company— the Illinois court did so order, the Former Husband did not appeal or otherwise contest the order, and thus the Full Faith and Credit principles require that the trial court carry out the mandate of the May 31, 2007, order on this point.
In so doing, however, the trial court added interest at the Florida statutory rate from the date of entry of the May 81, 2007, order to the date of the entry of the order under review. In this, the trial court made an error of calculation. The May 31, 2007, Illinois order was domesticated in Florida effective August 25, 2007. See § 55.505(3), Fla. Stat. (2007). At that time, the Illinois order became a Florida order subject to enforcement in this state. See § 55.508; Weiss I, 973 So.2d at 1250. Thus, interest on the amounts due under the Illinois order should have been calculated at the Illinois statutory rate from May 31, 2007, to August 25, 2007, and at the Florida statutory rate thereafter. See Parsons v. Sovran Bank, N.A., 655 So.2d 220, 220 (Fla. 4th DCA 1995). Because the trial court utilized only the Florida rate, the trial court shall recalculate the interest due on the delinquencies upon remand.
Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
WALLACE, J., Concurs.
CASANUEVA, J., Concurs with opinion.

. See U.S. Const. art. IV, § 1.

. The Former Wife suggests in her answer brief that the Former Husband's appeal in this case was taken untimely. We find no merit in this argument.

. On this date, New York Life Insurance Policy # 37-912-820 was encumbered by a lien in the sum of $17,661 (calculated as of September 30, 1993) for a policy loan taken by the Former Husband, who, at the time, was the owner of the policy. New York Life Insurance Policy # 37-912-823 had an outstanding loan to the Former Husband in the sum of $28,050 as of the same date. The record does not disclose whether these borrowings occurred before or after the date of the final judgment of dissolution.

. The Former Husband previously was found in contempt of court for failure to comply with the final judgment of dissolution and agreed order on October 27, 2005, and November 15, 2005, as chronicled in our earlier opinion in this case, and again on July 25, 2006, for the same reason. By then, the delinquencies included both the loans taken out on the two insurance policies and unpaid premiums on the policies. Although these orders “ordered” payment of the delinquencies, neither included an incarcerative feature such as that commonly found in civil contempt orders entered by the trial judges in this state.

. This point was left unsettled in Weiss I. 973 So.2d at 1250 n. 1.

. The statement is consistent with the meaning of a "foreign judgment,” defined in section 55.502(1), Florida Statutes (2007) to mean "any judgment, decree or order of a court of any other state or of the United States if such judgment, decree or order is entitled to full, faith and credit in this state.”

. Ten days before the entry of the order on appeal, the trial judge ordered, but then withdrew an order which expressly ordered incarceration and substituted the "Continuing Writ of Garnishment” sanction. The record does not reflect the reason for the substitution.

. The analysis is slightly different for the attorney’s fee award to the Former Wife in the May 31, 2007, order. Illinois and Florida equally authorize an attorney's fee award to be enforced through civil contempt, including incarceration and a purge provision if the contemnor has the financial ability to pay. See, e.g., Mattioda v. Mattioda, 101 Ill.App.2d 475, 243 N.E.2d 495, 500 (1968); Wertkin v. Wertkin, 763 So.2d 465, 466 (Fla. 4th DCA 2000). On remand, the trial court is authorized to enforce the Former Wife’s fee entitlement through the use of civil contempt, provided the Former Husband is shown to have the ability to pay. See Bowen v. Bowen, 471 So.2d 1274, 1277 (Fla.1985) ("[Ijncarceration for civil contempt cannot be imposed absent a finding by the trial court that the contemnor has the present ability to purge himself of contempt.”).