DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

CLERK OF THE COURT AND COMPTROLLER FOR THE
13TH JUDICIAL CIRCUIT, HILLSBOROUGH COUNTY, FLORIDA,

Appellant,

v.

ANGIE RANGEL; EFRAIN RUIZ-DIAZ, and STATE OF FLORIDA,

Appellees.

No. 2D2024-1772
_____

August 29, 2025

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for
Hillsborough County; G. Gregory Green, Judge.

Kristen M. Fiore and Nancy Mason Wallace of Akerman LLP, Tallahassee;
and Shelby K. Russ of Hillsborough County Clerk of Court and
Comptroller, Tampa, for Appellant.

J. Tony Lopez of Taino Law Group, Tampa, for Appellee Angie Rangel.

Scott K. Tozian of Smith, Tozian, Daniel & Davis, P.A., Tampa, for J.
Tony Lopez.

No appearance for remaining Appellees.

ON ORDER TO SHOW CAUSE
WITH REFERRAL TO THE FLORIDA BAR

PER CURIAM.

After the appellant filed its initial brief in this case, attorney J. Tony Lopez filed an answer brief on behalf of appellee Angie Rangel. In its reply brief, the appellant pointed out multiple errors in the answer brief, stating as follows:

> [T]he answer brief also blatantly misquotes and otherwise misrepresents Florida case law. The [Appellee], through her counsel, misrepresents holdings of opinions no less than 9 times, quotes language from opinions that does not appear in the opinions 10 times, and cites a case that does not appear to exist.

On July 17, 2025, this court entered the following order:

> In the answer brief, Appellee Angie Rangel has provided citations to and quotations from a number of cases. Appellee is directed to provide copies of cited authorities with highlighted quotations or language that support the assertions made in the answer brief for: *Randle-Eastern Ambulance Service, Inc. v. Vasta*, 360 So. 2d 68 (Fla. 1978); *Suntrust Bank v. Arrow Energy, Inc.*, 199 So. 3d 1026 (Fla. 4th DCA 2016); *State Department of Revenue v. Anderson*, 403 So. 2d 397 (Fla. 1981); *Florida Department of Revenue v. Cummings*, 930 So. 2d 604 (Fla. 2006); *County Bonding Agency v. State*, 724 So. 2d 131 (Fla. 3d DCA 1998); *Frontier Insurance Co. v. State*, 760 So. 2d 299 (Fla. 3d DCA 2000); *State v. Piniella*, 655 So. 2d 131 (Fla. 2d DCA 1995); *Cerniglia v. Cerniglia*, 679 So. 2d 1160 (Fla. 1996); *Dober v. Worrell*, 401 So. 2d 1322 (Fla. 1981); *Blumberg v. USAA Casualty Insurance Co.*, 790 So. 2d 1061 (Fla. 2001); *Salcedo v. Asociacion Cubana, Inc.*, 368 So. 2d 1337 (Fla. 3d DCA 1979); *Palm Beach Co. v. Palm Beach Estates*, 148 So. 544 (Fla. 1933); *Regions Bank v. Big Bend Investments Group of Florida, LLC*, 311 So. 3d 181 (Fla. 2d DCA 2020); *Barnett v. Barnett*, 787 So. 2d 946 (Fla. 2d DCA 2001); *Citibank, N.A. v. Villanueva*, 174 So. 3d 612 (Fla. 4th DCA 2015). These cases shall be filed in a supplemental appendix, indexed for each authority, with this court by July 23, 2025.
>
> Further, Appellee is directed to show cause by July 23, 2025, why sanctions should not be imposed for filing a brief that contains multiple misstatements and misquotes and for

2

failing to seek leave to correct the same when pointed out by the Appellant in its reply brief.

In response to our order, Mr. Lopez, through his own counsel, admitted that he included "non-existent authority and fictitious quotation blocks within the answer brief." He stated that he "acknowledges his grave errors, accepts full responsibility, and apologizes to this Court, the Appellant, and opposing counsel." Mr. Lopez explained that he was handling this appeal pro bono and that as he began preparing the brief, he recognized that he lacked experience in appellate law. He stated that at his own expense, he hired "an independent contractor paralegal to assist in drafting the answer brief."

He further explained that upon receipt of a draft brief from the paralegal, he read it, finalized it, and filed it with this court. He admitted that he "did not review the authority cited within the draft answer brief prior to filing." He added "that had he attempted to review the authority prior to filing, he would have easily discovered the fictitious block quotations and non-existent case." Although the appellant's reply brief was filed on April 24, 2025, Mr. Lopez acknowledged that he "did not review the reply brief filed by the Appellant prior to receiving this Court's July 17, 2025, Order." As a result, he "was not aware that he had submitted a document to the Court with non-existent legal authority and block quotations until receiving" our order.

Mr. Lopez admitted that one case cited in the answer brief is non-existent, fourteen of the cited cases do not contain quotations attributed to them in the brief, many of the cases were inaccurately summarized, and the answer brief misstated court holdings in nine of the cited cases. He admitted that his actions "demonstrated a

lapse in professional judgment by failing to review the reply brief at the time it was filed." He accepted responsibility for his errors and stated that "[h]e understands that his duty as a licensed attorney is to conduct reasonable inquiry into the work product produced by others to ensure the statements are well-grounded in fact and law prior to submission to the court." He added that his "mistakes are inconsistent with his normal standard of practice, and he is deeply remorseful for his lapses of professional judgment in this isolated case."

Mr. Lopez acknowledged that, in light of his errors, "sanctions may be appropriate" but requested that "any sanction be issued against him, and not his client." He submitted "that an appropriate sanction would require completion of continuing legal education courses and one hundred (100) hours of pro bono legal work."

Considering the foregoing, we agree that sanctions are appropriate as a result of Mr. Lopez's admitted conduct relating to the preparation and filing of the answer brief, his failure to review the reply brief which specifically identified the deficiencies contained within the answer brief, and his failure to note and correct those deficiencies prior to this court's July 17, 2025, order. Because of the seriousness of Mr. Lopez's conduct as established by the record and his admissions, we refer this matter to The Florida Bar for appropriate disciplinary proceedings and sanctions as are deemed proper.

We also note that this case had been scheduled for oral argument on August 5, 2025. On July 29, 2025, in response to this court's July 17, 2025, order, Mr. Lopez requested that he be permitted to file an amended answer brief and that the oral

4

argument be continued to another date. Counsel for the appellant, in a show of admirable professionalism considering the circumstances, consented to these requests. Accordingly, we have granted Mr. Lopez's requests by separate order to minimize the potential prejudice to his client arising from his conduct.

Finally, the dangers of relying on generative artificial intelligence have been discussed in the media, in legal publications, and in court opinions. *See In re Amends. to Rules Regulating the Fla. Bar – Chapter 4*, 393 So. 3d 137, 138-39 (Fla. 2024) (amending the comments to specified rules in Chapter 4 and "adding a warning about the necessity to take care in using generative artificial intelligence"); *Gutierrez v. Gutierrez*, 399 So. 3d 1185, 1187-88 (Fla. 3d DCA 2024) (imposing sanctions on a pro se litigant for failing to comply with Florida Rule of Appellate Procedure 9.210(b) and for submitting a brief that included "fictitious case law"); *ByoPlanet Int'l, LLC v. Johansson*, No. 0:25-cv-60630, 2025 WL 2091025, at *7 (S.D. Fla. July 17, 2025) ("Attorneys using AI tools without checking on the accuracy of their output are responsible for the consequences of incorporating inaccurate information into their work product." (quoting Judge Xavier Rodriguez, *Artificial Intelligence (AI) and the Practice of Law*, 24 Sedona Conf. J. 783, 784 (2023))); *Versant Funding LLC v. Teras Breakbulk Ocean Navigation Enters., LLC*, No. 17-cv-81140, 2025 WL 1440351, at *4 (S.D. Fla. May 20, 2025) (concluding that sanctions were appropriate when attorneys submitted a written response containing "a fake hallucinated case citation which allegedly supported a principle of law for which they were advocating").

As outlined previously, Mr. Lopez relied on an "independent contractor paralegal" to assist with the preparation of the answer brief due to his lack of experience and apparent lack of competency to handle this appeal. It seems evident that he hired someone who was not competent to handle preparation of the brief or who did not undertake the necessary work to properly perform the task. Mr. Lopez failed to adequately supervise that person and failed to sufficiently review the brief that was provided to him before signing and filing it. Further, he failed to review the reply brief that would have alerted him to the deficiencies in the answer brief, and as a result, he failed to make any effort to correct those deficiencies until this court issued an order to show cause. His conduct has resulted in the need for amended briefing and a delay in oral argument and disposition of this appeal.

Efficiency, expertise, and cost savings are some of the reasons why attorneys delegate work and use technological tools such as generative artificial intelligence in representing their clients. But this case is another reminder that an attorney who does so remains responsible for the work product that is generated.

LUCAS, C.J., and SILBERMAN and VILLANTI, JJ., Concur.
_____

Opinion subject to revision prior to official publication.